PEOPLE v SMITH

Docket No. 277736. Submitted January 7, 2009, at Detroit. Decided
    January 29, 2009, at 9:00 a.m. Leave to appeal sought.

A jury in the Wayne Circuit Court, Bruce U. Morrow, J., convicted
    Anthony T. Smith of two counts of first-degree criminal sexual
    conduct and one count of second-degree criminal sexual conduct
    stemming from the sexual assault of his daughter when she was 10
    or 11 years old. At trial the testimony of the victim's stepsister
    (LL) was admitted under MRE 404(b)(1). LL testified that when
    she lived with the defendant while she was between the ages of 11
    or 12 and 15 years old, the defendant exposed his penis to her three
    times. The Court of Appeals, MURRAY, P.J., and TALBOT and ZAHRA,
    JJ., denied the defendant's delayed application for leave to appeal
    in an unpublished order, entered August 30, 2007 (Docket No.
    277736). The Supreme Court, in lieu of granting leave to appeal,
    remanded the case to the Court of Appeals for consideration as on
    leave granted, directing the Court of Appeals to consider: whether
    the trial court erred in admitting the testimony of LL under MRE
    404(b); whether, if it was error, the error requires reversal;
    whether the testimony was admissible under MCL 768.27a; and
    whether the prosecution's failure to rely on MCL 768.27a pre-
    cludes sustaining admission of the testimony based on that provi-
    sion. 480 Mich 1059 (2008).

    The Court of Appeals *held*:

    1. The testimony regarding all three incidents was properly
    admitted under MRE 404(b). The trial court did not err in
    determining that the probative value of the evidence was not
    substantially outweighed by the danger of unfair prejudice.

    2. The first two incidents of indecent exposure do not qualify
    as a listed offense under MCL 750.335a(2)(b) and are thus not
    admissible under MCL 768.27a. The third incident, involving
    indecent exposure and fondling of genitals, could have been found
    to be a listed offense but the incident did not result in a conviction
    and therefore was not admissible under MCL 768.27a.

    3. Evidence of the first two incidents would not be admissible
    under MCL 28.722(e)(*iv*)(B) because, even though there were
    violations of MCL 750.335a(2)(a), only a third or subsequent

violation of MCL 750.335a(2)(a) is admissible. Evidence of the third incident that constituted a violation of MCL 750.335a(2)(a) was admissible.

4. The term "violation" in MCL 28.722(e)(*iv*)(B) means a breach or infringement of MCL 750.335a(2)(a) not resulting in a "judgment of conviction."

5. The catch-all exception in MCL 28.722(e)(*xi*) does not apply in this case because the more specific provisions of MCL 28.722(e) apply.

6. The Legislature intended a court to consider admission of other-acts evidence under MCL 768.27a even if the evidence is excludable under MCL 768.27 or MRE 404(b). The proper analysis chronologically is to begin with MCL 768.27a when other-acts evidence involving a sexual offense against a minor is involved and then make a determination whether "listed offenses" are at issue relative to the crime charged and the acts sought to be admitted. Where listed offenses are at issue, the analysis begins and ends with MCL 768.27a. MCL 768.27a is not at issue if listed offenses are not at issue, even where an uncharged offense may generally constitute an offense committed against a minor that was sexual in nature. The analysis turns to MRE 404(b) to decipher admissibility where MCL 768.27a is not at issue

Affirmed.

EVIDENCE — CRIMINAL LAW — OTHER-ACTS EVIDENCE — LISTED OFFENSES.

Evidence that a defendant previously committed another listed offense against a minor is admissible under MCL 768.27a in a prosecution against the defendant for a listed offense against a minor even if the evidence is excludable under MCL 768.27 or MRE 404(b); a listed offense for purposes of MCL 768.27a means that term as it is defined in § 2 of the Sex Offenders Registration Act, MCL 28.722; admission under MCL 768.27a is not appropriate where listed offenses are not at issue, even where an uncharged offense may generally constitute an offense committed against a minor that was sexual in nature.

*Michael A. Cox,* Attorney General, *B. Eric Restuccia,* Solicitor General, *Kim L. Worthy,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Principal Attorney, Appeals, for the people.

*Robin M. Lerg* for the defendant.

Before: MURPHY, P.J., and K. F. KELLY and DONOFRIO, JJ.

DONOFRIO, J. Defendant was convicted by a jury on May 5, 2006, of two counts of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(a), and one count of second-degree CSC, MCL 750.520c(1)(a). This Court denied defendant's delayed application for leave to appeal, but our Supreme Court, in lieu of granting leave to appeal, has remanded the case to this Court for consideration as on leave granted of

> (1) whether the circuit court erred in admitting the testimony of [LL] under MRE 404(b); (2) whether the error in admitting the testimony, if any, was reversible; (3) whether the testimony was admissible under MCL 768.27a; and (4) whether the prosecutor's failure to rely on MCL 768.27a precludes sustaining its admission based on that provision. [*People v Smith*, 480 Mich 1059 (2008).]

Because LL's testimony with regard to all three incidents of indecent exposure is admissible under MRE 404(b), and evidence regarding the third incident of indecent exposure constituting a violation of MCL 750.335a(2)(a) was also separately admissible under MCL 28.722(e)(*iv*)(B), we affirm.

Defendant was convicted of sexually assaulting his daughter when she was 10 or 11 years old. The victim testified that on two separate occasions when she was in the fourth grade, defendant came into the bedroom, pulled down her pants and underwear, and penetrated her vagina with his penis. During one of the incidents, defendant also touched her chest under her shirt. At trial, the victim's stepsister, LL, testified that she formerly lived with defendant when she was between the ages of 11 or 12 years old and 15 years old. LL testified that defendant exposed his penis to her on

three occasions while they lived together. The trial court admitted the evidence under MRE 404(b)(1).

I

Initially, we note that the Supreme Court's remand order is limited to the admissibility of LL's testimony. On appeal, however, defendant also challenges the admissibility of the testimony of FH (the mother of the victim and LL) concerning a separate "peeping" incident. Because FH's testimony is beyond the scope of the Supreme Court's remand order, that issue is not properly before this Court and we do not consider it. *Taxpayers of Michigan Against Casinos v Michigan*, 478 Mich 99, 111-112; 732 NW2d 487 (2007).

II

A trial court's decision to admit evidence is reviewed for an abuse of discretion. *People v Smith*, 456 Mich 543, 550; 581 NW2d 654 (1998). Because an abuse of discretion standard contemplates that there may be more than a single correct outcome, there is no abuse of discretion where the evidentiary question is a close one. *Id.*; see also *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

In deciding whether to admit evidence of other bad acts, a trial court must decide: first, whether the evidence is being offered for a proper purpose, not to show the defendant's propensity to act in conformance with a given character trait; second, whether the evidence is relevant to an issue of fact of consequence at trial; third, whether its probative value is substantially outweighed by the danger of unfair prejudice in light of the availability of other means of proof; and fourth, whether a cautionary instruction is appropriate. *People*

*v Sabin (After Remand)*, 463 Mich 43, 55-56; 614 NW2d 888 (2000); *People v VanderVliet*, 444 Mich 52, 74-75; 508 NW2d 114 (1993), mod on other grounds 445 Mich 1205 (1994).

In *Sabin*, the Court clarified that "prohibiting the *use* of evidence of specific acts to prove a person's character to show that the person acted in conformity with character on a particular occasion . . . does not preclude using the evidence for other relevant purposes." *Sabin, supra* at 56 (emphasis in original). "That the prosecution has identified a permissible theory of admissibility and the defendant has entered a general denial, however, does not automatically render the other acts evidence relevant in a particular case." *Id.* at 60. Rather, the trial court must still find that the evidence is *material* (related to a fact that is "at issue," "in the sense that it is within the range of litigated matters in controversy"), and that it has *probative* force ("any tendency to make the existence of a fact of consequence more or less probable than it would be without the evidence"). *Id.* at 57, 60 (quotation marks and citation omitted). "Materiality, however, does not mean that the evidence must be directed at an element of a crime or an applicable defense." *Id.* at 57 (quotation marks and citation omitted).

In *Sabin*, evidence of the defendant's other bad acts of sexual contact with a minor was admitted to show a plan or scheme, intent, lack of mistake or accident, and to bolster the complainant's credibility. *Sabin, supra* at 59. In this case, the trial court permitted LL's testimony to be used to show opportunity, scheme, or plan, which are proper purposes under MRE 404(b)(1).

Defendant's theory at trial was that the charged incidents never occurred. In such a case, "evidence of other instances of sexual misconduct that establish a

scheme, plan, or system may be material in the sense that the evidence proves that the charged act was committed." *Sabin, supra* at 62. One way of doing so is to show that "the defendant allegedly devis[ed] a plan and us[ed] it repeatedly to perpetrate separate but very similar crimes." *Id.* at 63 (quotation marks and citation omitted). In other words, evidence of *sufficiently similar* prior bad acts can be used "to establish a definite prior design or system which included the doing of the act charged as part of its consummation." *Id.* at 64 (quotation marks and citation omitted). "[T]he result is to show (by probability) a precedent design which in its turn is to evidence (by probability) the doing of the act designed." *Id.* (quotation marks and citation omitted).

However, general similarity between the charged act and the prior bad act is not enough to show a pattern. *Id.* at 64. Rather, there must be "such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan of which they are the individual manifestations." *Id.* at 64-65 (quotation marks, citation, and emphasis omitted). A high degree of similarity is required—more than is needed to prove intent, but less than is required to prove identity—but the plan itself need not be unusual or distinctive. *Id.* at 65-66.

In *Sabin*, the Supreme Court found that the defendant's sexual assault of his stepdaughter shared sufficient features in common with the defendant's assault of his daughter to infer a plan, scheme, or system. *Sabin, supra* at 66. Beyond both being acts of sexual abuse, the victims were of similar age, both were in a father-daughter relationship with the defendant, and defendant allegedly played on their fear of breaking up the family in order to keep them silent. *Id.* The Court noted that although there were some differences between the acts, such as the type of sexual assault (intercourse vs. cunnilingus), the time of

day of the assaults (afternoon vs. nighttime), and the frequency of the assaults (once vs. a weekly pattern), the Court agreed that reasonable persons could differ concerning whether the charged act and the prior bad acts were sufficiently similar to infer the existence of a common system, plan, or scheme. *Id.* at 67. However, the Court noted that there is no abuse of discretion if an evidentiary question is a close one, and upheld the trial court's decision. *Id.* at 67-68.

In the present case, both victims were approximately the same age at the time of the events, and both were in a father-daughter relationship with defendant. The evidence supports a finding that the charged and the uncharged acts were part of defendant's common plan or system to act out sexually with preteen girls living in the same household, over whom he had parental authority. As in *Sabin*, there were also some differences between the acts. The prior bad acts against LL involved incidents of indecent exposure, whereas the charged acts in this case involved intercourse and sexual contact. There was no evidence that LL was warned not to disclose the acts, whereas the victim in this case was told not to say anything. It appears that others persons were present in the home during two of the three indecent exposure incidents with LL, whereas defendant was alone with the victim during the charged acts. However, these differences do not compel the conclusion that the charged and the uncharged acts were so dissimilar that they precluded admission for purposes of showing a common plan or system. As in *Sabin*, reasonable persons could disagree concerning whether the charged acts and the prior bad acts were sufficiently similar to show (by probability) the existence of a scheme, plan, or system that tends to prove (by probability) that the charged acts were committed. Because the evidentiary issue was a close one, the trial

court did not abuse its discretion in admitting the evidence of defendant's prior acts of indecent exposure.

We additionally conclude that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. The evidence was damaging to defendant, but all evidence elicited by the prosecution is presumably prejudicial to a defendant to some degree, and MRE 403 seeks to avoid *unfair* prejudice, which was not shown here. *People v Pickens*, 446 Mich 298, 336-337; 521 NW2d 797 (1994).

III

Because we have concluded that LL's testimony was admissible under MRE 404(b)(1), it is unnecessary to consider whether it was also admissible under MCL 768.27a, which was not argued as a basis for admission in the trial court. However, because our Supreme Court's remand order directs this Court to consider this issue, we shall do so.

Questions of statutory interpretation are reviewed de novo. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). When construing a statute, the primary goal is to give effect to the intent of the Legislature. *People v Phillips*, 469 Mich 390, 395; 666 NW2d 657 (2003). When a statute is clear and unambiguous, the Legislature is presumed to have intended the plain meaning of the statute, and the statute must be enforced as written. *Id.* Only if a statute is ambiguous may a court go beyond its language to ascertain the Legislature's intent. *Id.*

MCL 768.27a, which became effective January 1, 2006, states:

(1) Notwithstanding section 27, in a criminal case *in which the defendant is accused of committing a listed*

*offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant.* If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered.

(2) As used in this section:

(a) "Listed offense" means that term as defined in section 2 of the sex offenders registration act, 1994 PA 295, MCL 28.722.

(b) "Minor" means an individual less than 18 years of age. [Emphasis added.]

In pertinent part, § 2 of the Sex Offenders Registration Act (SORA), MCL 28.722, states:

(e) "Listed offense" means any of the following:

*          *          *

(*iii*) A violation of section 335a(2)(b) of the Michigan penal code, 1931 PA 328, MCL 750.335a, *if that individual was previously convicted* of violating section 335a of that act.

(*iv*) A third or subsequent violation of any combination of the following:

*          *          *

(B) Section 335a(2)(a) of the Michigan penal code, 1931 PA 328, MCL 750.335a.

*          *          *

(*x*) A violation of section 520b, 520c, 520d, 520e, or 520g of the Michigan penal code, 1931 PA 328, MCL 750.520b, 750.520c, 750.520d, 750.520e, and 750.520g.

(*xi*) Any other violation of a law of this state or a local ordinance of a municipality that by its nature constitutes a sexual offense against an individual who is less than 18 years of age. [Emphasis added.]

Here, it is undisputed that the charged offenses, first- and second-degree CSC, are listed offenses under § 2(e)(*x*) of the SORA, thereby satisfying the first part of the test under MCL 768.27a. The circumstances are that LL's testimony described prior incidents of indecent exposure, which are proscribed by the indecent exposure statute, MCL 750.335a. The testimony the prosecutor sought to admit involves three separate incidents. One day, LL was walking to her basement room and saw defendant "sitting on an exercise bike with his private out of—and he was like waiving his hand telling me to come over." On another occasion, LL was walking by and saw defendant standing in the dining room with his pants "halfway down to his knees." Defendant waved his hand at LL. On a third occasion, defendant went up to the door of LL's bedroom, where she was sleeping. Defendant called out to LL, "Psst, psst." LL woke up and saw that defendant had his penis in his hand, and that he was "wagging his self," motioning to LL.

MCL 750.335a, states:

(1) A person shall not knowingly make any open or indecent exposure of his or her person or of the person of another.

(2) A person who violates subsection (1) is guilty of a crime, as follows:

(a) Except as provided in subdivision (b) or (c), the person is guilty of a misdemeanor punishable by imprisonment for not more than 1 year, or a fine of not more than $1,000.00, or both.

(b) If the person was *fondling his or her genitals*, pubic area, buttocks, or, if the person is female, breasts, while

violating subsection (1), the person is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.

(c) If the person was at the time of the violation a sexually delinquent person, the violation is punishable by imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life. [Emphasis added.]

One of the incidents the prosecutor seeks to introduce in evidence involved defendant's "wagging" his genitals at LL. It could reasonably be inferred from the description of the event that defendant was fondling himself as proscribed by MCL 750.335a(2)(b) and, therefore, could have been found to have committed a listed offense under MCL 768.27a. The record, however, contains no evidence that defendant was convicted of indecent exposure as a result of LL's allegations. Also, the record fails to reflect any other conviction of MCL 750.335a. For testimony regarding the proscribed behavior identified in MCL 750.335a(2)(b) (fondling) to be admissible under MCL 768.27a, there must be a coexisting conviction under MCL 750.335a at a time before the trial for the charged offenses. MCL 28.722(e)(*iii*). Under these circumstances, while the proffered bad-act testimony (fondling) is admissible at trial under MRE 404(b), it fails to separately qualify for admission at trial under MCL 768.27a. We point out with regard to evidence of the other two identified bad acts (genital exposure) that, while it is admissible under MRE 404(b), both acts fail to separately qualify for admission at trial under MCL 768.27a because neither is a MCL 750.335a(2)(b) offense (fondling).

Our inquiry does not end there, however. MCL 28.722(e)(*iv*)(B) provides that a "[l]isted offense" includes "[a] third or subsequent violation" of MCL 750.335a(2)(a). Unlike MCL 28.722(e)(*iii*), which re-

quires the individual to be "previously *convicted*" of violating MCL 750.335a, MCL 28.722(e)(*iv*)(B) requires the individual to have a "third or subsequent *violation*" of MCL 750.335a(2)(a). (Emphasis added.) The term "convicted" is defined in MCL 28.722(a)(*i*) as "[h]aving a judgment of conviction or a probation order entered in any court having jurisdiction over criminal offenses[.]" The term "violation" is not defined in the statute. When a statutory term is not defined by the statute, this Court construes the term according to its plain and ordinary meaning. *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999). Thus, we construe the term "violation" in MCL 28.722(e)(*iv*)(B) by its plain and ordinary meaning as a breach or infringement of MCL 750.335a(2)(a) not resulting in a "judgment of conviction."

Here, the prosecutor sought to introduce evidence of three separate occasions of indecent exposure proscribed by MCL 750.335a(2)(a) where defendant exposed his genitals to LL. The evidence showed that during the first and second incidents, defendant exposed his genitals to LL but did not fondle himself. These two incidents constitute violations of MCL 750.335a(2)(a). During the third incident, defendant exposed his genitals and "wagged" himself in front of LL, which could reasonably be inferred to be fondling. This last incident constitutes a violation of MCL 750.335a(2)(a) for the indecent exposure of defendant's genitals or MCL 750.335a(2)(b) for indecent exposure with fondling. Again, MCL 28.722(e)(*iv*)(B) provides that a "[l]isted offense" includes "[a] third or subsequent violation" of MCL 750.335a(2)(a). Because this case involves three distinct violations of MCL 750.335a(2)(a), pursuant to the plain language of MCL 28.722(e)(*iv*)(B), evidence regarding the third violation of MCL 750.335a(2)(a) would have been admissible at

trial. But evidence of the first two violations would not have been admissible under MCL 28.722(e)(*iv*)(B) because only the third or any subsequent violations of MCL 750.335a(2)(a) are admissible under the statute. Though, had there been any "subsequent" violations of MCL 750.335a(2)(a) in this case, those violations would have been admissible pursuant to the plain language of MCL 28.722(e)(*iv*)(B).

The prosecutor offers as an alternative basis for admissibility, the catch-all exception found in § 2(e)(*xi*) of the SORA. The catch-all exception, MCL 28.722(e)(*xi*) applies only to "[a]ny *other* violation of a law . . . that by its nature constitutes a sexual offense . . . ." (Emphasis added.) As a general rule of statutory construction, when statutes or provisions conflict, and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails. *People v Houston*, 237 Mich App 707, 714; 604 NW2d 706 (1999); *People v Ellis*, 224 Mich App 752, 756; 569 NW2d 917 (1997). Because there is a specific provision of the SORA that particularly addresses indecent exposure, defendant's acts of indecent exposure cannot qualify as "[a]ny *other* violation of a law" under the general provisions of MCL 28.722(e)(*xi*) and thus are not admissible under the catch-all exception. *Id.* (emphasis added).

Finally, it is prudent to provide some reasoning explaining why evidence of the two instances of indecent exposure that were not "listed offenses" under MCL 28.722(e) is nonetheless admissible given that the evidence conforms to the requirements of MRE 404(b). This is so despite the fact that the acts entailed sexual offenses against a minor; a subject ostensibly governed by MCL 768.27a. In *People v Watkins*, 277 Mich App 358, 365; 745 NW2d 149 (2007), the Court explained

that MCL 768.27a controlled over MRE 404(b) when "listed offenses" against minors are at issue, but we do not read this language as suggesting that if past sex offenses against children do not qualify as "listed offenses" under MCL 768.27a the evidence is inadmissible where the evidence could be properly introduced pursuant to MRE 404(b).

It is quite evident that the Legislature's intent in enacting MCL 768.27a was to broaden the range of acts that could be admitted into evidence, going beyond the evidence admissible under MRE 404(b), with respect to trials in which a defendant is charged with sex crimes against children. MCL 768.27a "allows evidence that previously would have been inadmissible, because it allows what may have been categorized as propensity evidence to be admitted[.]" *People v Pattison*, 276 Mich App 613, 619; 741 NW2d 558 (2007). The Legislature clearly did not intend MCL 768.27a to be a barrier that could be invoked to preclude the admission of evidence. Indeed, the language of MCL 768.27a supports our conclusion. MCL 768.27a(1) begins with the phrase, "Notwithstanding section 27," before moving on to state that evidence of certain sexual offenses against minors is admissible if relevant. Section 27, which is MCL 768.27, is essentially the Legislature's version of MRE 404(b), providing:

> In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant.

Thus, consistent with the prefatory language to MCL 768.27a, when the two statutes are read in unison, it becomes abundantly clear that the Legislature intended a court to contemplate admission of other-acts evidence under MCL 768.27a even if the evidence is excludable under MCL 768.27 or its counterpart MRE 404(b). The Legislature, acting to extend safeguards for the protection of children against sexual predators, see House Legislative Analysis, HB 4937, June 29, 2005, intended to prevent continuing imposition of MCL 768.27 and MRE 404(b) to exclude relevant evidence showing the predatory history of certain defendants. As stated by the panel in *Pattison, supra* at 620:

> [MCL 768.27a] reflects the Legislature's policy decision that, in certain cases, juries should have the opportunity to weigh a defendant's behavioral history and view the case's facts in the larger context that the defendant's background affords. Naturally, a full and complete picture of a defendant's history will tend to shed light on the likelihood that a given crime was committed.

Utilizing MCL 768.27a as a rule of exclusion and not inclusion would directly conflict with the Legislature's intent in enacting MCL 768.27a. If evidence is admissible under MCL 768.27 or MRE 404(b), there is no real need to consider MCL 768.27a in order to satisfy legislative intent; however, the proper analysis chronologically is to begin with MCL 768.27a when addressing other-acts evidence that can be categorized as involving a sexual offense against a minor and make a determination whether "listed offenses" are at issue relative to the crime charged and the acts sought to be admitted. *Watkins, supra* at 364-365; *Pattison, supra* at 618-619. Where listed offenses are at issue, the analysis begins and ends with MCL 768.27a. If listed offenses are not at issue, even where an uncharged offense may genuinely constitute an offense committed against a minor that

was sexual in nature, MCL 768.27a is not implicated, but this is not to say that evidence of the offense is inadmissible. We do not construe MCL 768.27a as suggesting that evidence of an uncharged sexual offense committed against a minor is inadmissible if the offense does not constitute a listed offense. Rather, the analysis simply turns to MRE 404(b) to decipher admissibility. Only where the evidence does not fall under the umbrella of MCL 768.27a, nor is otherwise admissible under MRE 404(b), should the court exclude the evidence.

IV

For the reasons stated, we conclude that LL's testimony regarding any of the three incidents of indecent exposure would not have been separately admissible under MCL 768.27a. However, testimony regarding the third violation of MCL 750.335a(2)(a) was admissible as a listed offense under MCL 28.722(e)(*iv*)(B). MCL 768.27a. Nonetheless, LL's testimony with regard to all three incidents is admissible under MRE 404(b).

Affirmed.