# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 14, 2016

Plaintiff-Appellee,

v

No.  325637
Wayne Circuit Court
LC No.  14-004370-FC

ANDRE NOBLE,

Defendant-Appellant.

Before:  O'CONNELL, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Defendant, Andre Noble, appeals as of right his convictions, following a jury trial, of two counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (sexual penetration with a person under 13), two counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) (sexual contact with a person under 13), three counts of third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(a) (sexual penetration with a person between the ages of 13 and 15), and three counts of fourth-degree criminal sexual conduct (CSC IV), MCL 750.520e(1)(a) (sexual penetration with a person between the ages of 13 and 15).  The trial court sentenced Noble to serve life imprisonment without parole for his CSC I convictions, 10 to 15 years' imprisonment for his CSC II and CSC III convictions, and 1 to 2 years' imprisonment for his CSC IV convictions.  We affirm.

## I.  FACTUAL BACKGROUND

The victims' parent testified that Noble was her brother's friend; the 14-year-old victim is her son, and she has legal custody of the 10-year-old victim.  She stated that Noble came over almost every day and she occasionally asked Noble to pick the victims up from school.

According to the 14-year-old victim, Noble began touching him inappropriately when he was 13 years old.  The victim detailed several occasions on which Noble had touched and sucked on the victim's "private parts."  Noble gave the victim money and told him not to tell anyone what had happened.  The 14-year-old victim also saw Noble sucking on the 10-year-old victim's privates on one occasion.

According to the 10-year-old victim, Noble would sometimes come over to his home when the victim was 9 years old.  The 10-year-old victim also detailed occasions on which Noble

touched him or sucked on his "privates." Before Noble would leave, he would offer the victim toys, money, or candy, and ask the victim not to tell anyone.

Before trial, the prosecution moved to admit evidence that Noble had behaved inappropriately with other children. After considering the relevance of the evidence, the trial court ruled that it was admissible. Accordingly, two other witnesses testified at trial that Noble had sexually abused them as children.

The victims' 31-year-old uncle testified that when he was between the ages of 8 and 13, he would sometimes spend the night at his father's house with Noble. When he was asleep, Noble would try to touch or put his mouth on the uncle's privates. On one occasion, the uncle woke up with Noble's mouth on his penis. The uncle became suspicious that Noble was acting inappropriately with the victims, and speaking with the victims affirmed his concerns. Another witness testified that he lived down the street from Noble when he was a child, and when the witness was 11 or 12 years old, Noble touched the witness's privates.

## II. OTHER ACTS EVIDENCE

Noble contends that the trial court improperly admitted the other acts evidence because, since the evidence concerned events that took place 20 years before the present assaults, its prejudicial effect substantially outweighed its probative value. We disagree.

This Court reviews for an abuse of discretion preserved challenges to the trial court's evidentiary rulings. *People v Buie* (*On Remand*), 298 Mich App 50, 71; 825 NW2d 361 (2012). The trial court abuses its discretion when its outcome falls outside the principled range of outcomes. *People v Brown*, 294 Mich App 377, 385; 811 NW2d 531 (2011). We review de novo the preliminary questions of law surrounding the admission of evidence, such as whether a rule of evidence bars admitting it. *Buie*, 298 Mich App at 71.

The trial court may only admit relevant evidence. MRE 402. Generally, MRE 404(b)(1) prohibits a party from introducing evidence of another party's other crimes, wrongs, or acts to prove that person's character or propensity to engage in that type of action. Such evidence

> may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material . . . . [MRE 404(b)(1).]

MCL 768.27a(1) allows the trial court to admit evidence of a defendant's sexual conduct against other minors:

> [I]n a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant.

The purpose of MCL 768.27a is to broaden the range of evidence admissible. *People v Smith*, 282 Mich App 191, 204; 772 NW2d 428 (2009). The intent of this statute is to provide the jury

with a complete picture of the defendant's history to help it determine the likelihood that the defendant committed a crime. *People v Cameron*, 291 Mich App 599, 609-610; 806 NW2d 371 (2011). MCL 768.27a permits the trial court to admit evidence that MRE 404(b) would otherwise exclude. *People v Watkins*, 491 Mich 450, 470; 818 NW2d 296 (2012).

However, this evidence may be inadmissible under MRE 403. *Id*. at 481. Even if evidence is relevant, the trial court may not admit evidence if the danger of its prejudicial effect substantially outweighs its probative value. MRE 403. The prejudicial effect of the evidence substantially outweighs its probative value when evidence is only marginally probative and there is a danger that the trier of fact may give it undue or preemptive weight. *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). Whether evidence is unduly prejudicial depends on

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

When balancing the probative value and prejudicial effect of evidence under MCL 768.27a, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id*. at 455-456.

Noble's sole argument is that the trial court abused its discretion by admitting the other acts evidence because the witnesses testified about events that occurred more than 20 years before the assaults at issue. We conclude that this argument has no merit. The temporal proximity of the acts and the other crime are only one of several factors the trial court must consider when balancing the evidence. See *Watkins*, 491 Mich at 487-488. In this case, the trial court expressly considered the temporal distance of the other acts, specifically acknowledging that 20 years had passed. However, it concluded that the probative value of the evidence, which involved very similar acts, was not outweighed by its prejudicial effect. We conclude that its outcome fell within the range of principled outcomes.

## III. MISTRIAL MOTION

Noble contends that the trial court abused its discretion by denying his motion for a mistrial after one of the witnesses testified contrary to a pretrial order. We disagree.

This Court reviews for an abuse of discretion the trial court's decision regarding a motion for mistrial. *People v Waclawski*, 286 Mich App 634, 708; 780 NW2d 321 (2009). A mistrial is only warranted if an error or irregularity in the proceedings impaired the defendant's ability to receive a fair trial. *Id*. Generally, an unresponsive answer to a proper question does not warrant a mistrial. *Id*. at 710. When making its determination, a trial court may consider whether the prosecutor intentionally elicited the response. *People v Lane*, 308 Mich App 38, 60; 862 NW2d 446 (2014).

Before trial, the court ruled that threats Noble made against his former neighbor would not be admissible because, while the offer of money was similar to the victims' case, the threats

were not. However, in response to the prosecution's general question about what happened, the witness testified as follows:

> *Q*. I went in there by myself with the pants, and then he offered us money to be quiet. And then he said if we didn't be quiet he was going to hurt us.
>
> *A*. Okay. He offered you money and you said that he pulled your pants down. Did he do anything to you after he pulled your pants down?
>
> *Q*. He just rubbed on my private.

Outside the presence of the jury, defense counsel requested a mistrial on the basis that the testimony violated the trial court's ruling and was unduly prejudicial. The trial court determined that a mistrial was too severe a violation, and indicated that it would instead issue a curative instruction at counsel's request. Defense counsel did not request the curative instruction.

We conclude that the trial court's decision fell within the range of principled outcomes. The improper testimony was an unsolicited response to the prosecution's general question and there is no indication that a curative instruction would not have cured the prejudice from the brief reference.

## IV. NOBLE'S SENTENCE

Noble contends that the trial court deprived him of due process by failing to inform him at arraignment that the minimum sentence for his offense was life imprisonment without parole. Noble also contends that the irregularity in the proceedings makes his sentence constitute unusual punishment. We disagree.

As an initial matter, this issue is not preserved because Noble did not raise it before the trial court. See *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007); MCL 767.76 (the defendant must make challenges to the indictment before trial). Therefore, we will review this allegation for plain error affecting Noble's substantial rights. See *Brown*, 294 Mich App at 389. An error affected the defendant's substantial rights if it affected the outcome of his or her proceedings. *Id*.

The information must "fairly apprise the accused and the court of the offense charged." MCL 767.45(1)(a). At arraignment, the trial court must inform the defendant about the penalties for the charged offenses. MCL 6.104(E)(1); MCR 6.112(D). Our Legislature has mandated a sentence of life imprisonment without parole for CSC I convictions if the defendant was previously convicted of specific crimes against children. MCL 750.520b(2)(c); *Brown*, 294 Mich App at 389-390. In this case, the trial court advised Noble at his arraignment that CSC I carried a minimum sentence of 25 years' imprisonment and a maximum sentence of life or any term of years. This information was inaccurate. Accordingly, there was plain error.

However, we conclude that this error did not affect Noble's substantial rights.[1] Noble was informed of the error during the pretrial process, was offered a plea deal, and rejected it. At the opening of the trial, the trial court informed Noble that if convicted, he would receive a mandatory minimum sentence of life imprisonment. Noble again rejected the plea deal. There is simply no indication that the trial court's failure to inform Noble of the mandatory minimum sentence at his arraignment affected the outcome of his proceedings.

We also reject the remainder of Noble's challenges to his sentence. A mandatory minimum sentence of life imprisonment under MCL 750.520b(2)(c) is constitutionally permissible. *Brown*, 294 Mich App at 391-392. The trial court's failure to inform Noble of this at a later point than the arraignment does not affect the nature of the punishment itself. We conclude that this irregularity did not render Noble's sentence unusual punishment.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Colleen A. O'Brien

---

[1] We reject Noble's contention that the type of error in this case cannot be harmless. The provision that Noble cites for this proposition applies to "untimely filing of a notice to seek an enhanced sentence" pursuant to MCL 769.13. See MCL 6.112(F) and (G). This provision does not apply because MCL 750.520b(2)(c), not MCL 769.13, enhanced Noble's sentence.

-5-