# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
September 15, 2016

v

RONALD DOUGLAS MARBLE,

Defendant-Appellant.

No. 327630
Kent Circuit Court
LC No. 13-008293-FC

Before: Murray, P.J., and Hoekstra and Beckering, JJ.

Per Curiam.

Defendant was convicted by a jury of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b) (sexual penetration of victim between 13 and 15 years old; defendant was a member of the same household as victim and/or related to victim by blood or affinity to the fourth degree). He was sentenced to serve concurrent terms of 8½ to 25 years' imprisonment. He now appeals as of right, and we affirm.

## I. BACKGROUND

The convictions arose from a sexual relationship defendant maintained with his stepdaughter, S.G. (whom he had previously adopted), while she was between the ages of 12 and 18. According to S.G.'s trial testimony, the inappropriate relationship began with defendant "touching" and "fondling" her breasts when she was 12 years old before eventually escalating to sexual intercourse around the time she was 13. S.G. kept the sexual encounters a secret until she turned 18 and went away to college. Eventually, however, in the summer of July 2013, S.G. disclosed the abuse to her mother and then the police.

At trial, S.G. testified that she and defendant had likely engaged in sexual intercourse "hundreds" of times over the course of six years. The encounters almost always occurred the same way: defendant would send her a text message asking if she wanted to "cuddle" that night; he would then enter her bedroom late at night, lay in bed behind her, massage her shoulders, arms, and legs before moving his hands to "other places," take off her pants, and have sexual intercourse with her. Of the "hundreds" of acts of sexual intercourse she and defendant engaged in, S.G. specifically recalled three: the very first time they had sex, when she was around 13 years old (wherein defendant asked her if "it hurt"); an occasion when she was 13 wherein her mother almost caught them in the act in the basement bedroom; and an occasion when she was 15 wherein defendant asked to "talk dirty" to her. S.G. also recalled an occasion when she was

-1-

around 12 years old wherein she performed fellatio on defendant from a bottom bunk bed while defendant tucked her brother in to sleep on the top bunk. As discussed further below, the basement and "dirty talk" incidents formed the basis of the instant charges, while the other two acts of sexual penetration were presented as "other-acts" evidence over defendant's objection.

S.G.'s claims were corroborated to an extent by other evidence. Specifically, both S.G.'s mother, E.M., and her half-brother, J.M., testified that defendant often lay in bed with S.G. at night, although neither ever suspected that S.G. was being sexually abused. E.M. also testified to an occasion in which her suspicions were raised: she came downstairs in the middle of the night to find defendant "jumping up" from S.G.'s bed. Finally, numerous text messages sent by defendant to S.G. were recovered from S.G.'s cellular telephone, including one from February 2013 (when S.G. was 18 years old) wherein defendant asked S.G. to "cuddle" and others from July and August 2013 (after S.G. disclosed the sexual abuse but before she went to police) wherein defendant claimed not to "remember" the sexual encounters but nevertheless asked S.G. to "forgive" him. On the basis of this evidence, defendant was convicted on both counts.

## II. ANALYSIS

On appeal, defendant challenges—on evidentiary, procedural, and constitutional grounds—the admission of the evidence regarding two of the events discussed above.[1] We review a trial court's decision whether to admit evidence for an abuse of discretion, but review preliminary questions of law, such as whether a rule of evidence precludes admissibility, de novo. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). We review constitutional questions de novo. *People v Pennington*, 240 Mich App 188, 191; 610 NW2d 608 (2000).

Defendant was originally charged before his first trial with four counts of CSC-I in connection with S.G.'s claims; Count I pertained to the first time defendant and S.G. engaged in sexual intercourse, Count II pertained to the "dirty talk" incident; Count III pertained to the basement incident, and Count IV pertained to the act of fellatio. Defendant's first trial ended in a hung jury on all four counts. Defendant's second trial ended in an acquittal on Counts I and IV, but a hung jury on Counts II and III. Finally, defendant's third trial ended in the instant convictions on the remaining two counts (i.e., Counts II and III). At the outset of the third trial, the prosecution expressed its intent to introduce under either MRE 404(b) or MCL 768.27a evidence of the now-uncharged acts of sexual penetration that supported Counts I and IV that defendant was acquitted of in his second trial. The trial court allowed the evidence to be admitted over defendant's objection. On appeal, defendant argues that the trial court abused its discretion and violated his constitutional rights by admitting the evidence because (1) he had already been acquitted of charges stemming from the alleged conduct, (2) the evidence was

---

[1] For preservation purposes defendant has briefly raised two issues challenging the validity of either Michigan Supreme Court or United States Supreme Court decisions. Defendant also acknowledges these decisions as binding on this Court, and that we cannot provide him any relief on these issues.

irrelevant and unduly prejudicial, and (3) the prosecution failed to give the required pre-trial notice of its intent to introduce the evidence.

Before 2006, the admission of other-acts evidence was governed solely by MRE 404(b), which, in relevant part, limits the admission of such evidence solely for its relevance to non-character purposes. In other words, "MRE 404(b) requires the exclusion of other-acts evidence if its only relevance is to show the defendant's character or propensity to commit the charged offense." *People v Watkins*, 491 Mich 450, 468; 818 NW2d 296 (2012). "Underlying the rule is the fear that a jury will convict the defendant inferentially on the basis of his bad character rather than because he is guilty beyond a reasonable doubt of the crime charged." *Id.* (internal quotation marks and citation omitted). However, in 2005 the Legislature enacted MCL 768.27a, which provides, in relevant part:

> Notwithstanding [MCL 768.27],[2] in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. . . .

The plain language of MCL 768.27a is thus broader than MRE 404(b) in that it allows the admission of evidence of a defendant's prior acts of sexual misconduct "for its bearing on any matter to which it is relevant," including the defendant's propensity to commit the charged act, a purpose that MRE 404(b)(1) expressly prohibits. *Watkins*, 491 Mich at 470. The statute "reflects a substantive legislative determination that juries should be privy to a defendant's behavioral history in cases charging the defendant with sexual misconduct against a minor." *Id.* at 476. In *Watkins*, *id.* at 468-477, our Supreme Court held that MCL 768.27a irreconcilably conflicts with MRE 404(b) and that "in cases in which the statute applies, it supersedes MRE 404(b)." Accordingly, if the evidence challenged by defendant was properly admissible under MCL 768.27a, it need not be determined whether the evidence was also admissible under MRE 404(b). *People v Buie (On Remand)*, 298 Mich App 50, 74; 825 NW2d 361 (2012); *People v Smith (On Remand)*, 282 Mich App 191, 205; 772 NW2d 428 (2009).

Here, defendant was charged with committing two acts of sexual penetration against S.G., a minor, in violation of MCL 750.520b(1)(b). These are "listed offense[s]" for purposes of MCL 768.27a. See MCL 768.27a(2)(a); MCL 28.722(j); MCL 28.722(w)(*iv*). See also *People v Dobek*, 274 Mich App 58, 88 n 16; 732 NW2d 546 (2007) ("The listed offenses include the various forms of criminal sexual conduct"). Moreover, the alleged other acts of sexual penetration committed by defendant against S.G. when she was around 12 or 13 also constitute "listed offense[s]" because the conduct would amount to violations of MCL 750.520b. See MCL 750.520(b)(1)(a), (b); MCL 28.722(w)(*iv*). Thus, the other-acts evidence was admissible for any purpose for which it was relevant, subject only to the restraints of MRE 403. MCL 768.27a; *Watkins*, 491 Mich at 470, 486-487.

---

[2] MCL 768.27 "essentially parallels MRE 404(b)." *Watkins*, 491 Mich at 469 n 44.

In our view, the other-acts evidence was relevant to at least three purposes. First and foremost, it was relevant to defendant's propensity for sexually assaulting S.G. See *Watkins*, 491 Mich at 470; *Buie (On Remand)*, 298 Mich App at 73. Second, it constituted part of the res gestae of the charged offenses, inasmuch as it gave the jury the full context of the ongoing abusive relationship between defendant and S.G. See *People v Delgado*, 404 Mich 76, 83; 273 NW2d 395 (1978); *People v Sholl*, 453 Mich 730, 742; 556 NW2d 851 (1996); *Dobek*, 274 Mich App at 89-90. In other words, the other acts constituted a necessary "link in the chain of testimony," without which S.G's claims "concerning the seemingly isolated" assaults may have appeared "incredible." *People v DerMartzex*, 390 Mich 410, 415; 213 NW2d 97 (1973). Third, the evidence was relevant to establishing that defendant had a common scheme, plan, or system for repetitively sexually abusing S.G. See *Dobek*, 274 Mich App at 90-91. Finally, given the highly probative nature of the evidence, we conclude that it was not substantially more prejudicial than probative under MRE 403. Accordingly, the evidence was admissible under MCL 768.27a, and the trial court did not abuse its discretion in so concluding.[3]

Defendant additionally argues, however, that "constitutionally-based principles" precluded the admission of the challenged other-acts evidence under either MCL 768.27a or MRE 404(b) because he was acquitted of the charges stemming from the alleged conduct. Although defendant does not specifically articulate the constitutional principle upon which he relies, his references to *Ashe v Swenson*, 397 US 436; 90 S Ct 1189; 25 L Ed 2d 469 (1970) and *People v Oliphant*, 399 Mich 472; 250 NW2d 443 (1976), suggest that his argument is premised on "the doctrine of collateral estoppel as embodied in defendant's Fifth Amendment right against double jeopardy." *Oliphant*, 399 Mich at 495. Defendant's reliance on this doctrine is misplaced.

"Collateral estoppel, also known as issue preclusion, is a common-law doctrine that gives finality to litigants. In essence, collateral estoppel requires that 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.' " *People v Wilson*, 496 Mich 91, 98; 852 NW2d 134 (2014) (citation omitted). In *Ashe*, the United States Supreme Court "recognized the conceptual overlap between double jeopardy and collateral estoppel," and held that where an issue is necessarily decided in a defendant's favor in a prior prosecution, a subsequent prosecution—which would necessarily require relitigation of that same issue—is precluded. *Wilson*, 496 Mich at 98, citing *Ashe*, 397 US at 445-446.

This case does not pose the same problem present in *Ashe*. In *Ashe*, 397 US at 437-438, the defendant and three others allegedly robbed several victims and were each charged with separate counts of armed robbery for each victim. However, in his first trial, dealing with only one of the victims, the defendant was acquitted. *Id*. at 439. In concluding that a second prosecution, dealing with a separate victim, was precluded, the United States Supreme Court

---

[3] Given this conclusion, we need not address defendant's alternative argument that the evidence was also inadmissible under MRE 404(b). *Buie (On Remand)*, 298 Mich App at 74; *Smith (On Remand)*, 282 Mich App at 205.

reasoned that the "single rationally conceivable" basis for the jury's verdict in the first trial was that the defendant was not one of the robbers. *Id*. at 445. Thus, it was "wholly impermissible" for that same issue to be relitigated in a subsequent trial. *Id*. at 445. In this case, however, defendant was originally charged with four counts of CSC-I stemming from four distinct criminal episodes. It simply cannot be said that the "single rationally conceivable" basis for the jury's verdicts of acquittal in the second trial was that defendant *never* sexually penetrated S.G. on any occasion. *Id*. at 445.[4] As such, the doctrine of collateral estoppel did not bar defendant's retrial on the two remaining charges, nor did it bar the prosecution's use of the other-acts evidence at that subsequent trial. *Oliphant*, 399 Mich at 497 (finding no principled basis for "extend[ing] *Ashe* to bar the use of probative [other-acts] evidence simply because it had been offered once before in a trial dealing with an entirely separate event which resulted in acquittal").

Defendant's final argument is that the challenged other-acts evidence was not admissible because the prosecution failed to comply with the pre-trial notice requirements of MCL 768.27a and/or MRE 404(b), which both unambiguously require the prosecution to give pre-trial notice of its intent to introduce other-acts evidence. The prosecution conceded as much at trial. Nonetheless, as the trial court found, there was no dispute that defendant was aware of the evidence, inasmuch as it had previously been admitted in defendant's other two trials. Moreover, as discussed above, the evidence was properly admitted under MCL 768.27a, and defendant has not suggested how he would have reacted differently had he been provided pre-trial notice, such as by presenting different arguments for excluding it or presenting different evidence at trial to refute it. The trial court did not abuse its discretion in concluding that defendant was not prejudiced by the lack of pre-trial notice. Accord *People v Hawkins*, 245 Mich App 439, 454-455; 628 NW2d 105 (2001). Any error was thus harmless.

Affirmed.

/s/ Christopher M. Murray
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering

---

[4] If such were the case, the jury would have acquitted defendant of all four charges.