*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEROME BOWENS,

        Defendant-Appellant.

UNPUBLISHED
September 05, 2025
12:21 PM

No. 370587
Macomb Circuit Court
LC No. 2023-001223-FC

Before: ACKERMAN, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals his jury convictions of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a). He was sentenced as a third-offense habitual offender, MCL 769.12, to 25 to 39 years for each conviction. On appeal, defendant challenges the sufficiency of the evidence supporting his convictions and contends that he was denied the effective assistance of counsel. We affirm.

## I. BACKGROUND

This case arises from allegations that defendant sexually abused three children: AJ, LT, and AB. Defendant is the paternal great-uncle of AJ and LT, and AB is their half-sister. At the time of the sexual abuse, AJ and LT lived with their mother at their paternal grandmother's home, where defendant also lived. AB visited the home on weekends.

At trial, AJ testified that the sexual abuse began when she was six or seven years old, initially with defendant showing her pornographic videos on two occasions. The abuse escalated to defendant forcing AJ to perform oral sex on him on numerous occasions. On one occasion, when AJ was 10, defendant told her to remove her pants and attempted to pull them down; the assault ended only when she threatened to "get him reported." AJ also testified that she witnessed defendant force LT to perform oral sex on him and described the abuse as "continuous and more forceful" as time progressed.

LT testified that defendant showed him a pornographic video when he was four or five years old. He also described witnessing defendant forcibly penetrate AJ's mouth with his penis.

-1-

Pursuant to MCL 768.27a, the prosecution introduced other-acts evidence, including LT's testimony that defendant forced him to perform oral sex on numerous occasions. AB also testified that defendant grabbed and squeezed her bottom while giving her a piggyback ride when she was 10 or 11 years old.

After the presentation of evidence, the jury convicted defendant of two counts of CSC-I as to AJ but acquitted him of accosting a child for immoral purposes, MCL 750.145a, as to AJ and distributing sexually explicit material to a minor, MCL 722.675, as to LT. The trial court sentenced defendant as described above. He now appeals.

## II. DISCUSSION

## A. SUFFICIENCY OF EVIDENCE

Defendant first challenges the sufficiency of the evidence to sustain his convictions. We review such challenges de novo, considering the evidence "in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Montague*, 338 Mich App 29, 44-45; 979 NW2d 406 (2021) (citation omitted).

In reviewing such challenges, we are "*required* to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (citation omitted). The prosecution is not required to disprove every reasonable theory of innocence; "it need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant." *People v Kenny*, 332 Mich App 394, 403; 956 NW2d 562 (2020) (citation omitted).

"Due process requires the prosecution to prove every element beyond a reasonable doubt." *People v Smith*, 336 Mich App 297, 308; 970 NW2d 450 (2021) (cleaned up). To sustain a conviction for CSC-I under MCL 750.520b(1)(a), the prosecution must prove that "(1) the defendant engaged in sexual penetration, (2) with a person under 13 years of age." *People v Duenaz*, 306 Mich App 85, 106; 854 NW2d 531 (2014). "Sexual penetration" means "sexual intercourse . . . or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . ." *Id.*, quoting MCL 750.520a(r). On appeal, defendant disputes only the sufficiency of the evidence of sexual penetration.

The prosecution presented sufficient evidence to support the CSC-I convictions. AJ testified that defendant forced her to perform oral sex on him on multiple occasions, describing in detail that "[w]hite stuff came out" of defendant's penis after the assaults, and that the abuse became more forceful over time. LT corroborated this testimony, stating that he saw defendant "put his private part in [AJ's] mouth" on one occasion. That evidence was sufficient for the jury to conclude that defendant engaged in sexual penetration with AJ, who was under the 13 at the time.

Defendant contends that AJ's testimony was inconsistent with her prior statements, pointing to differences between her forensic interview, preliminary examination, and trial testimony. For example, AJ testified at the preliminary examination that her mother questioned

her about defendant several times, but she denied that at trial. Additionally, AJ told a forensic interviewer that the abuse began when she was five, but she testified at the preliminary examination that it began when she was eight or nine. And while she testified at trial that defendant assaulted her and LT simultaneously, she did not disclose that allegation during either her forensic interview or preliminary-examination testimony.

Those inconsistencies do not warrant reversal. "It is the jury's task to weigh the evidence and decide which testimony to believe," and this Court "will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008) (cleaned up). Moreover, "[t]he jury may choose to believe part of a witness's testimony and disbelieve another part of the same witness's testimony." *People v Baskerville*, 333 Mich App 276, 283-284; 963 NW2d 620 (2020). Notwithstanding the inconsistencies in AJ's various statements and testimonies, the jury's verdict demonstrates that it found credible her testimony that defendant sexually penetrated her, and we are "*required* to . . . make credibility choices in support of the jury verdict." *Oros*, 502 Mich at 239.

Defendant also contends that the prosecution did not present any physical evidence that he sexually assaulted AJ. But "a complainant's testimony regarding a defendant's commission of sexual acts is sufficient to support a conviction for CSC-I . . . ." *People v Bailey*, 310 Mich App 703, 714; 873 NW2d 855 (2015) (citation omitted). Accordingly, AJ's testimony was sufficient to support defendant's CSC-I convictions, and the absence of physical evidence does not warrant reversal.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next submits that trial counsel was ineffective for failing to object to the admission of other-acts evidence at trial.

"Whether a defendant has received ineffective assistance of counsel is a mixed question of fact and constitutional law." *People v Yeager*, 511 Mich 478, 487; 999 NW2d 490 (2023). We review factual findings for clear error and constitutional questions de novo. *Id*. Because defendant failed to preserve this claim, our review is limited to errors apparent on the record. *People v Hoang*, 328 Mich App 45, 63; 935 NW2d 396 (2019).

Both the Michigan and United States Constitutions guarantee criminal defendants the right to the assistance of counsel. Const 1963, art 1, § 20; US Const, AM VI. "This right guarantees the effective assistance of counsel." *Yeager*, 511 Mich at 488, citing *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To obtain a new trial based on ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Abcumby-Blair*, 335 Mich App 210, 228; 966 NW2d 437 (2020) (cleaned up).

To establish deficient performance, defendant must demonstrate that "counsel made errors so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment." *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015) (citation omitted). Counsel is presumed effective, and a defendant "must overcome the strong presumption that counsel's challenged actions were sound trial strategy." *Id*. "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Traver (On Remand)*, 328 Mich App 418, 422-423; 937 NW2d 398 (2019) (citation omitted).

Defendant's claim is based on trial counsel's purported failure to object to two categories of other-acts evidence admitted at trial: (1) LT's and AB's testimony, offered under MCL 768.27a, regarding uncharged sexual assaults, and (2) testimony from AJ and LT's mother that defendant sexually assaulted her as an adult.

### 1. EVIDENCE OFFERED UNDER MCL 768.27a

Generally, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." MRE 404(b)(1). In this case, the prosecution offered LT's and AB's testimony regarding uncharged sexual assaults under MCL 768.27a, which provides:

> [I]n a criminal case in which the defendant is accused of committing a listed offense[1] against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. [MCL 768.27a(1).]

The statute "permits the use of evidence to show a defendant's character and propensity to commit the charged crime . . . ." *People v Watkins*, 491 Mich 450, 470; 818 NW2d 296 (2012).

Before trial, the prosecution filed notice of its intent to introduce testimony from AB and LT regarding uncharged acts of sexual assault under MCL 768.27a. Trial counsel did not object. On appeal, defendant asserts that this evidence was not relevant and that counsel's failure to object was unreasonable.[2] We disagree.

---

[1] As used in MCL 768.27a(1), "listed offense" includes CSC-I and second-degree criminal sexual conduct (CSC-II). MCL 768.27a(2)(a); *People v Smith*, 282 Mich App 191, 198-200; 772 NW2d 428 (2009).

[2] In his appellate brief, defendant cites our Supreme Court's decision in *Watkins*, which held that "when applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." 491 Mich at 487. Defendant, however, does not explicitly argue that the other-acts evidence was inadmissible under MRE 403, nor does he provide any analysis supporting such a claim. To the extent such an argument could be inferred from the caselaw he cites, his failure to adequately brief the issue results in waiver. See *People v Martin*, 271 Mich App 280, 315; 721 NW2d 815 (2006).

Under MRE 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." MRE 401(a)-(b). The other-acts evidence at issue here falls squarely within that definition. LT testified that defendant forced him to perform oral sex on four or five occasions in the same home and during the same period as the charged offenses. AB also testified that defendant inappropriately groped her bottom at that location and time. All incidents involved defendant's sexual contact with minors. That evidence was relevant, and trial counsel was not ineffective for failing to object. See *People v Isrow*, 339 Mich App 522, 532; 984 NW2d 528 (2021) ("Failure to raise a futile objection or advance a meritless argument does not constitute ineffective assistance of counsel.").

## 2. TESTIMONY FROM AJ AND LT'S MOTHER

At trial, AJ and LT's mother testified that defendant exposed himself to her, fondled her breasts and bottom, licked her neck, and made other sexual advances on her while she, AJ, and LT lived with him. Defendant contends that this testimony was not relevant and that counsel was ineffective for not objecting to it.

That testimony was not included in the prosecution's notice under MCL 768.27a, nor was it admissible under that statute, which is limited to "evidence that the defendant committed another listed offense *against a minor . . .* ." MCL 768.27a(1). It was also not admissible under MRE 404(b)(2), which allows evidence of other acts to show a defendant's "intent, preparation, scheme, plan, or system," because the prosecution did not provide written notice 14 days before trial, MRE 404(b)(3). The evidence therefore falls within MRE 403's general prohibition against propensity evidence.

Defendant has not shown that counsel's decision not to object fell below an objective standard of reasonableness. There is a "strong presumption that counsel's performance was born from a sound trial strategy." *Trakhtenberg*, 493 Mich at 52. An attorney's decision "not to object and draw attention to an improper comment" can be sound trial strategy. *People v Horn*, 279 Mich App 31, 40; 755 NW2d 212 (2008) (citation omitted). Here, after the challenged testimony was offered, trial counsel objected and requested a bench conference, after which the trial court sustained the objection. Although the record is unclear as to the specific basis for that objection, it supports the inference that counsel objected to the other-acts testimony at sidebar to avoid highlighting it for the jury. Trial counsel's purported failure to object to the mother's testimony is therefore not "apparent on the record," *Hoang*, 328 Mich App at 63, and defendant has not overcome the strong presumption that counsel's decision was born from sound trial strategy.

Even if counsel's performance was deficient, defendant has not established prejudice. In light of AJ's detailed testimony regarding the sexual abuse—corroborated by LT's testimony that he witnessed defendant assaulting AJ—no reasonable probability exists that the outcome would have been different had counsel objected to the mother's testimony.

Affirmed.

/s/ Matthew S. Ackerman
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien