Per Curiam.
Following a jury trial, defendant was convicted of one count of assault with intent to do great bodily harm less than murder, MCL 750.84, two counts of felonious assault, MCL 750.82, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b. Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to concurrent terms of six to fifteen years’ *392 imprisonment for his conviction of assault with intent to do great bodily harm and thirty months’ to six years’ imprisonment for each conviction of felonious assault and to a consecutive term of twenty-four months’ imprisonment for each conviction of felony-firearm. Defendant appeals as of right. We affirm.
Defendant first contends that several offense variables (ov) were scored incorrectly under the sentencing guidelines. Specifically, defendant challenges the scoring of the following offense variables: ov 1 (aggravated use of a weapon), which was scored at twenty-five points; OV 2 (lethal potential of the weapon possessed), which was scored at fifteen points; ov 6 (offender intent to kill or injure another individual), which was scored at twenty-five points; and ov 10 (exploitation of vulnerable victim), which was scored at ten points.
However, we note that defendant did not challenge the scoring of these variables below. MCR 6.429(C) provides that a party may not raise on appeal an issue challenging the accuracy of the scoring of the sentencing guidelines “unless the party has raised the issue at or before sentencing or demonstrates that the challenge was brought as soon as the inaccuracy could have reasonably been discovered.” Here, there is no indication that defendant was precluded from challenging the scoring of the guidelines below, or that the alleged inaccuracy could not have reasonably been discovered at or before sentencing. Accordingly, defendant has failed to comply with the appellate preconditions of MCR 6.429(C).
On the other hand, defendant did file a motion in this Court seeking a remand to correct the scoring of *393 these variables. MCL 769.34(10) provides in part as follows:
A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.
Thus, defendant complied with the appellate preconditions of MCL 769.34(10), thereby creating a conflict between MCL 769.34(10) and MCR 6.429(C). However, in People v McGuffey, 251 Mich App 155; 649 NW2d 801 (2002), we explained that between the conflicting appellate preconditions in MCL 769.34(10) and MCR 6.429(C), we must apply the court rule because the conflict concerns a procedural matter. Therefore, we are required to apply MCR 6.429(C) to the instant matter. Consequently, even though defendant raised the alleged scoring errors in his motion for remand, we may not consider these issues on appeal because defendant did not raise them below, as required by MCR 6.429(C).
Nevertheless, defendant contends that trial counsel's failure to challenge the scoring of these variables deprived him of his constitutional right to effective assistance of counsel. A successful claim of ineffective assistance of counsel requires a defendant to “show that counsel’s performance was deficient and that there is a reasonable probability that, but for the deficiency, the factfinder would not have convicted the defendant.” People v Snider, 239 Mich App 393, 424; 608 NW2d 502 (2000). Trial counsel is not ineffec *394 tive for failing to advocate a meritless position. Id. at 424-425.
Here, we note that the prosecution concedes that ov 2 and ov 6 were improperly scored at fifteen and twenty-five points; thus, the parties agree that these variables should have been scored at five and zero points, respectively. An argument can certainly be made that trial counsel was deficient for failing to challenge the scoring of these variables. However, to be sentenced in a lower sentencing grid, defendant’s total ov score would have to be less than seventy-five points. Assuming the correction of ov 2 and ov 6, defendant’s ov score would still have been eighty-five points, and defendant’s sentencing grid would not have been changed.
Defendant also challenges the scoring of ov 1 and ov 10, which, if he were correct regarding both variables, would reduce his score to seventy points. The prosecution does not concede that these variables were improperly scored, and counters ov 7 (aggravated physical abuse) and ov 12 (contemporaneous felonious criminal acts) were improperly scored in defendant’s favor because he should have been scored an additional fifty and five points, respectively. If so, trial counsel’s failure to object to the scoring of the offense variables would be harmless error, inasmuch as his sentencing grid would not have changed. Therefore, we must also analyze the scoring of these variables before deeming trial counsel’s performance deficient.
In regard to ov 1, the prosecution contends that it was properly scored because the evidence established that defendant used the shotgun and a brass statue to injure the victim in a manner that fit within the defini *395 tion of a “knife or other cutting or stabbing weapon.” MCL 777.31(1). However, without engaging in a thorough statutory construction,[1] we agree with defendant’s assertion that neither the brass statue nor the shotgun fell within the statutory definition of a “cutting or stabbing weapon.” To the extent that either object was used in a manner to cause the primary victim to bleed, it was not because she was cut or stabbed, but because she was hit with a relatively heavy object. Consequently, an argument could be made that trial counsel was also deficient for failing to challenge the scoring of ov l.[2]
Defendant also contends that ov 10 was improperly scored at ten points because, at most, there was evidence that defendant may have exploited a size difference. The prosecution counters that the prior relationship between defendant and the primary victim was sufficient to establish that a “domestic relationship” was exploited, as necessary to support the scoring below. MCL 777.40(1). Here, the primary victim contended that the fight started because defendant was enraged that there was a male friend visiting her. Accepting her testimony, defendant certainly exploited their prior relationship for the selfish purpose of jealousy. As such, there was evidentiary support for a conclusion that defendant’s assault of one of the victims was an exploitation of a domestic relationship. As a result, we are not persuaded that trial *396 counsel’s performance was defective for failing to challenge the scoring of ov 10.
We further note that there was evidence supporting the prosecution’s contention that ov 12 should have been scored at five points because defendant also feloniously assaulted the victim’s son — a contemporaneous criminal act that was not charged. In fact, there was evidence that defendant pointed the weapon at both victim’s sons. As such, an argument could certainly be made that defendant should have been scored five points higher. With an additional five points for OV 12, all of defendant’s requested scoring changes, if granted, would not have been sufficient to lower his sentencing grid.
Moreover, the prosecution contends that ov 7 should have been scored at fifty points on the basis of defendant’s “excessive brutality” in beating the victim in front of her family, or, alternatively, where defendant pointed the gun at the victim’s son — implicitly suggesting that this fell within the definition of terrorism. Indeed, ov 7 defines terrorism as conduct that is designed to substantially increase the fear and anxiety the victim suffers during the offense. MCL 777.37(2)(a). At the very least, we believe that there was some evidence supporting the scoring of this offense variable as requested by the prosecution.
We suspect that defense counsel’s failure to challenge the scoring of the guidelines was based on the reasonable likelihood that defendant still would have been scored in the highest scoring grid. In fact, reviewing the scoring guidelines as a whole, we are not persuaded that defense counsel’s failure to challenge the scoring of these variables was deficient, nor are we persuaded that there is a reasonable prob *397 ability that challenging the scoring of the guidelines would have resulted in defendant’s being placed in a lower grid. Consequently, we conclude that defendant was not deprived of his constitutional right to effective assistance of counsel, inasmuch as a challenge to the scoring most likely would have been futile. See Snider, swpra at 423-425.
Finally, defendant contends that the rifle seized from under his bed was improperly admitted into evidence. A trial court’s decision to admit evidence is reviewed for an abuse of discretion. People v Cain, 238 Mich App 95, 122; 605 NW2d 28 (1999).
Defendant contends that the rifle was not relevant to any issue at trial. Relevant evidence is “evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence.” MRE 401. In admitting the rifle into evidence, the trial court agreed that the relevance of the rifle was based on defendant’s reference to the rifle in his statement to the police. In addition, the prosecutor argued during closing argument that defendant referenced the rifle to distance himself from the shotgun that he allegedly used to threaten the victims.
Here, we note that the victim denied that defendant threatened her with the rifle, even though that was the only weapon introduced. As such, an argument could be made that the admission of the rifle, and the victim’s denial that the rifle was the firearm used by defendant, supported her credibility. Alternatively, there is some merit to the prosecution’s contention that defendant mentioned the rifle to distance himself from allegations that he threatened the victims with a *398 shotgun. Indeed, although the rifle was found, the police never found the purported shotgun. Further, the rifle may have also benefited defendant’s credibility because his statement to the police regarding where the rifle would be found demonstrated his willingness to be truthful. Verifiable accuracy of this part of his statement could support the accuracy of his entire statement. To be sure, it is not clear that the admission of the rifle into evidence was absolutely necessary for the prosecutor’s case in chief. However, we decline to conclude that the trial court’s ruling that the rifle was relevant constituted an abuse of discretion.
Defendant also contends that, even if the rifle was relevant, its probative value was substantially outweighed by the danger of unfair prejudice. Indeed, relevant evidence “may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.” MRE 403. Unfair prejudice may exist where there is a tendency that the evidence will be given undue or preemptive weight by the jury or where it would be inequitable to allow use of the evidence. People v Mills, 450 Mich 61, 75-76; 537 NW2d 909 (1995), mod on other grounds 450 Mich 1212 (1995). “ ‘Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403.’ ” Id., quoting United States v McRae, 593 F2d 700, 707 (CA 5, 1979). Following admission of the rifle, the victim was recalled to reiterate that the rifle admitted into evidence was not used in the assault, thereby dis *399 pelling the possibility the jurors would misconstrue the evidence and give it undue preemptive weight. Given the victim’s denial that she was threatened with the rifle, we are not persuaded there was any risk of unfair prejudice by the admission of the rifle into evidence. If anything, defendant’s reference to the rifle in his statement and the victim’s reference to the shotgun presented the risk of confusion, not the admission of the rifle into evidence. Consequently, the trial court did not abuse its discretion by allowing the rifle to be admitted into evidence.
Affirmed.

 Because we are analyzing the scoring of the guidelines in the context of trial counsel’s performance, our analysis could properly be characterized as dicta to a preserved challenge to the scoring of these variables in another case.

 There was testimony that defendant pointed a firearm toward both victims, as well as each victim’s son. As such, this variable should have been scored at fifteen points. MCL 777.31(l)(b).