# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 19, 2016

Plaintiff-Appellee,

v

No. 323942
St. Clair Circuit Court
LC No. 14-000022-FH

RACHEL FLUEGGE,

Defendant-Appellant.

Before: RIORDAN, P.J., and SAAD and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Rachel Fluegge, appeals by right her jury conviction of third-degree child abuse. MCL 750.136b(5). The trial court sentenced her as a second-offense habitual offender, MCL 769.10, to serve 16 to 36 months in prison for her conviction. Because Fluegge has not established that there were any errors in her trial that warrant relief, we affirm.

Testimony and evidence established that Fluegge attended a supervised visit at an office of the Department of Health and Human Services on the day before the fifth birthday of her son, NC.[1] Several witnesses testified that Fluegge became angry with NC during the visit because he was misbehaving. She eventually reacted by throwing or pushing the child into a wall, causing him to strike his head on the wall. The prosecution additionally presented evidence that Fluegge had engaged in prior acts of abuse under MCL 768.27b. After hearing the evidence, the jury found Fluegge guilty of third-degree child abuse.

## I. OTHER ACTS EVIDENCE

Fluegge first argues that the trial court erred when it allowed the prosecutor to present evidence of her prior abusive acts against NC and her other children. This Court reviews a trial court's decision to admit evidence for an abuse of discretion, but reviews de novo any preliminary questions of law. *People v Dobek*, 274 Mich App 58, 84-85; 732 NW2d 546 (2007).

---

[1] The family court later terminated Fluegge's parental rights to NC and two other children. See *In re Carter*, unpublished opinion per curiam of the Court of Appeals, issued February 12, 2015 (Docket No. 321896).

-1-

Fluegge does not dispute that the other acts evidence may be admitted under MCL 768.27b, which provides that in a prosecution for an offense involving domestic violence, "evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant," subject to exclusion under MRE 403. She argues that the other acts should have been excluded under MRE 403. Otherwise relevant evidence may be excluded under MRE 403, "if its probative value is substantially outweighed by the danger of unfair prejudice." As this Court recognized in *People v Smith*, 282 Mich App 191, 198; 772 NW2d 428 (2009), "all evidence elicited by the prosecution is presumably prejudicial to a defendant to some degree." MRE 403 seeks to prevent "unfair prejudice." *Id.* "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998).

In this case, the trial court allowed the prosecutor to introduce evidence that in 2012 Fluegge became frustrated with NC when he would not listen to her and struck him in the face. The evidence was relevant to show that Fluegge did not accidentally push or throw NC, which was a principal issue at trial. Fluegge's lawyer repeatedly asked witnesses whether Fluegge's act was accidental. The evidence was also relevant to establish Fluegge's intent. Moreover, unlike MRE 404(b)(1), which precludes evidence of other acts to establish character or propensity, see *People v Mardlin*, 487 Mich 609, 615-616; 790 NW2d 607 (2010), MCL 768.27b specifically permits the admission of evidence of other domestic assaults to prove any issue. *People v Cameron*, 291 Mich App 599, 609-610; 806 NW2d 371 (2011). Thus it was admissible to establish that Fluegge had a propensity to use unreasonable force whenever she became frustrated with NC while attempting to control him, or was unsuccessful with conventional discipline. Because the prejudicial impact of the other acts evidence involved its relevance to disputed issues at trial, and not some tangential matter, it was not "unfairly" prejudicial. *Smith*, 282 Mich App at 198.

The prosecutor also introduced evidence that Fluegge routinely engaged in rough treatment and name calling of NC and his sister during her attempts to discipline them. While not directly relevant to whether defendant threw or pushed NC, this evidence was similarly relevant to show that Fluegge consistently exhibited poor parenting skills and could not contain her temper in the face of her children's disobedience. This in turn undermined Fluegge's claim that the charged offense was accidental and that her actions constituted reasonable parental discipline.

The trial court did not abuse its discretion when it allowed the challenged evidence.

## II. SUFFICIENCY OF THE EVIDENCE

Fluegge next argues that the evidence was insufficient to support her conviction. This Court reviews a challenge to the sufficiency of the evidence by reviewing "the record evidence de novo in the light most favorable to the prosecution to determine whether a rational trier of fact could have fond that the essential elements of the crime were proved beyond a reasonable doubt." *People v Roper*, 286 Mich App 77, 83; 777 NW2d 483 (2009). Circumstantial evidence and reasonable inferences drawn therefrom are sufficient to prove the elements of a crime. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). In evaluating this claim, we reject Fluegge's reliance on evidence presented at her first criminal trial and at the earlier termination

of parental rights proceedings. The sufficiency of the evidence must be decided by viewing the record evidence presented at the trial at issue. *Roper*, 286 Mich App at 83.

Under MCL 750.136b(5), "[a] person is guilty of child abuse in the third degree if" the person "knowingly or intentionally causes physical harm to a child" or the person "knowingly or intentionally commits an act that under the circumstances poses an unreasonable risk of harm or injury to a child, and the act results in physical harm to a child." "Physical harm" means "any injury to a child's physical condition." MCL 750.136b(1)(e).

On appeal, Fluegge argues that the prosecutor failed to present evidence that she intentionally harmed NC. Because of the difficulty in proving a defendant's state of mind on issues such as knowledge and intent, "minimal circumstantial evidence" is adequate to establish the defendant's state of mind, "which can be inferred from all of the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008). "Intent may be inferred from a defendant's use of physical violence." *People v Dillard*, 303 Mich App 372, 377; 845 NW2d 518 (2013). Although it is unclear whether third-degree child abuse is a specific intent or general intent crime, see *People v Sherman-Huffman*, 466 Mich 39; 642 NW2d 339 (2002), in discussing the similar mens rea necessary for a conviction of first-degree child abuse, see MCL 750.136b(2), our Supreme Court has held that the need to distinguish between "specific" and "general" intent is not required as long as the jury is instructed, as it was in this case, that it must find that the defendant either knowingly or intentionally caused the harm. *People v Maynor*, 470 Mich 289, 295-297; 683 NW2d 565 (2004).

In this case, several witnesses testified that, in response to NC's outbursts and refusal to obey, Fluegge attempted to restrain NC, first by placing him in the corner, and then between her and the couch in the visitation room. After a caseworker chastised her for the latter response, Fluegge became angry and frustrated. When NC still would not behave, Fluegge pushed or flung him into the wall, causing him to strike his head against the wall. All of the witnesses who viewed the incident agreed that she acted intentionally. Although one witness stated that Fluegge may not have intended for NC to strike the wall, she clarified that she felt Fluegge intended to throw NC. Given her location within a foot from the wall, the jury could reasonably infer that Fluegge knowingly or intentionally committed an act that, under the circumstances, posed an unreasonable risk of harm or injury to NC. And there was evidence that NC suffered a physical injury even though he did not require medical attention.

Additionally, there was evidence from which a reasonable jury could find that Fluegge's acts did not amount to reasonable parental discipline. A parent or guardian is not prohibited "from taking steps to reasonably discipline a child, including the use of reasonable force." MCL 750.136b(9). This Court has stated that reasonable force is that which is "[f]air proper, just, moderate, suitable under the circumstances" or "[f]it and appropriate to the end in view." *People v Gregg*, 206 Mich App 208, 213; 520 NW2d 690, 692 (1994) (quotation marks and citation omitted).

Viewed in a light most favorable to the prosecution, the evidence permitted a rational jury to find beyond a reasonable doubt that Fluegge's act of throwing a small child into a wall was neither "moderate" nor a "fit and appropriate" method for disciplining a child of that age. Fluegge did elicit testimony that NC was disobeying her and that she attempted, without success,

to place NC in a time-out situation. However, a rational jury could find that Fluegge's act of throwing the child or pushing him violently enough to cause him to strike his head against a wall did not qualify as reasonable discipline or reasonable force.

The evidence adduced at trial was sufficient to allow a rational trier of fact to find Fluegge guilty of third-degree child abuse beyond a reasonable doubt.

## III. HABITUAL OFFENDER STATUS

Fluegge argues in both her appellate lawyer's brief and her brief submitted on her own behalf that the trial court erred in sentencing her as a habitual offender. Because she did not raise this issue before the trial court, we must review it for plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Fluegge also argues that her trial lawyer was ineffective for failing to challenge her habitual-offender status. Because the trial court did not hold an evidentiary hearing on this issue, our review is limited to mistakes that are apparent on the record alone. *People v Gioglio (On Remand)*, 296 Mich App 12, 20; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864.

Under MCL 769.10(1), a trial court may impose an enhanced sentence against a person who has previously been convicted of "a felony or attempt to commit a felony" when the person is convicted of a subsequent felony. Fluegge argues that she did not qualify for habitual-offender enhancement because her prior conviction, which was for attempting to maintain a drug house, was expressly designated a misdemeanor. The relevant offense is now codified in MCL 333.7405(1)(d). Under the facts of her prior conviction, Fluegge's attempt to maintain a drug house was a misdemeanor that could be punished by "imprisonment for not more than 2 years." MCL 333.7406. A "felony" is "a violation of a penal law of this state for which the offender, upon conviction, may be punished by death or by imprisonment for more than 1 year or an offense expressly designated by law to be a felony." MCL 761.1(g). Accordingly, it qualifies as a "felony" for purposes of the habitual offender statute. *People v Smith*, 423 Mich 427, 445, 378 NW2d 384 (1985) (opinion by WILLIAMS, C.J.). Further, the habitual offender statute applies to prior convictions for both a "felony or an attempt to commit a felony." MCL 769.10(1). Accordingly, the trial court did not err when it applied MCL 769.10 to Fluegge's sentence and Fluegge's trial lawyer cannot be faulted for failing to make a meritless objection. *People v Wilson*, 252 Mich App 390, 393-394; 652 NW2d 488 (2002).

## IV. SENTENCING

Fluegge also raises several sentencing issues, which are either moot or without merit. She first argues that the trial court erred in scoring offense variables (OVs) 4 and 10 of the sentencing guidelines. The purpose of the sentencing guidelines is to determine an appropriate range for a defendant's minimum sentence. However, Fluegge has already served her minimum sentence. Indeed, she was paroled from prison in November 2015. Because she has fully served her minimum sentence, this issue is moot. *People v Rutherford*, 208 Mich App 198, 204; 526 NW2d 620 (1994). For the same reason, we decline to address Fluegge's claim that her sentence violates the principle of proportionality stated in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). See *Rutherford*, 208 Mich App at 204.

Fluegge also argues that the trial court engaged in impermissible judicial fact-finding at sentencing contrary to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). In *Lockridge*, our Supreme Court held that Michigan's sentencing guidelines violate a defendant's Sixth Amendment right to jury trial to the extent that they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range." *Id.* at 364. In cases where a trial court engages in improper judicial fact-finding, and a defendant can demonstrate that this affected the sentencing grid under which she was sentenced, the remedy is to remand for the procedure outlined in *Lockridge* to determine whether the trial court would have imposed a materially different minimum sentence but for the constitutional error. *Id.* at 395, 397. Because Fluegge has fully served her minimum sentence, such a remand would serve no purpose. Accordingly, this issue is also moot and we decline to consider it.

Fluegge next argues that the trial court erred when it sentenced her to serve a maximum sentence of three years in prison. Because she was a second-offense habitual offender, the trial court could properly sentence her to serve a maximum sentence that was no more than one and a half times the statutory maximum. MCL 769.10(1)(a). The statutory maximum sentence for third-degree child abuse is two years. MCL 750.136b(6). Thus, Fluegge's maximum sentence is within the limit prescribed by MCL 769.10(1)(a). "A trial court does not abuse its discretion in sentencing an habitual offender within the statutory limits established by the Legislature when the offender's underlying felony, in the context of previous felonies, evinces the defendant's inability to conform his conduct to the laws of society." *People v Reynolds*, 240 Mich App 250, 252; 611 NW2d 316 (2000). Moreover, although Fluegge argues that the trial court failed to consider various mitigating factors, the record discloses that the factors she raises were addressed in her presentence report. The trial court indicated that it had reviewed the presentence report and was relying on it at sentencing. Accordingly, we reject this claim of error.

Fluegge also complains that her lawyer was ineffective for failing to advocate for a lesser sentence. The record does not support this claim; her lawyer vigorously advocated that the circumstances warranted a jail sentence alone. The fact that counsel was unsuccessful does not constitute ineffective assistance of counsel. *People v Stewart*, 219 Mich App 38, 42; 555 NW2d 715 (1996).

There were no sentencing errors warranting relief.

## V. SUPPLEMENTAL BRIEF

Fluegge raises additional issues in a supplemental brief.

### A. GREAT WEIGHT OF THE EVIDENCE

She argues that the jury's verdict is against the great weight of the evidence. Because she did not raise this claim in a motion for a new trial, we review it for plain error. *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003).

Fluegge argues that there was conflicting testimony concerning the location of the injury to NC's head, and that the great weight of the evidence failed to establish that NC was actually injured. "The test to determine whether a verdict is against the great weight of the evidence is

whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Id.* at 218-219 (citation omitted). Mere conflicting testimony and questions regarding the credibility of witnesses are not sufficient grounds for granting a new trial. *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998). This Court defers to the jury's determination of credibility absent exceptional circumstances, such as where directly contradictory testimony was so far impeached that it was deprived of all probative value, where witness testimony was so inherently implausible that a reasonable juror could not believe it, where testimony contradicted indisputable physical facts or defied physical realities, or where the case was marked with unacceptable uncertainties and discrepancies. *Id*. at 643-644 (quotation marks and citations omitted).

Fluegge incorrectly states that NC's foster mother testified that the "goose bump" she saw was on the back of NC's head. The witness testified that she did not immediately notice any injury because it was in the child's hairline, but she did not specify what portion of the hairline. Fluegge's reliance on the witness's testimony from her first trial is misplaced, because the evidence to be reviewed is limited to that presented at her second trial. Furthermore, even if the witness's testimony is inconsistent with the testimony by the Department of Health and Human Services's supervisor, the prosecutor also presented photographic evidence to support the supervisor's testimony. The photograph was admitted and the supervisor stated that the bruise depicted in the photograph was what she saw when she examined NC. A conviction of third-degree child abuse only requires "any injury to a child's physical condition." MCL 750.136b(1)(e).

The jury's verdict is not clearly against the great weight of the evidence.

### B. JURY INSTRUCTIONS – PARENTAL DISCIPLINE

Fluegge next argues that the trial court erred by failing to instruct the jury on the boundaries of legally permissible discipline by a parent. Because she did not object to the instructions given or request further instruction on the issue of "reasonable force," we shall review this claim for plain error. *Carines*, 460 Mich at 763.

"A criminal defendant has the right to have a properly instructed jury consider the evidence against him." *People v Rodriguez*, 463 Mich 466, 472, 620 NW2d 13 (2000) (citation and quotation marks omitted). This Court reviews jury instructions as a whole. *People v Bartlett*, 231 Mich App 139, 143, 585 NW2d 341 (1998). The instructions must include all elements of the charged offenses, and must not omit material issues, defenses, or theories that are supported by the evidence. *Id*. Even if the instructions are imperfect, their use will not constitute error if they "fairly present to the jury the issues tried and sufficiently protect the defendant's rights." *Id*. at 143-144.

The trial court instructed the jury—consistent with MCL 750.136b(9)—that a parent is permitted to use reasonable force when disciplining his or her child:

> Now, it is not a crime to discipline a child. A parent may use force to discipline a child. But this does not mean that any amount of force may be used. The law permits only such force as is reasonable.

The defendant is not required to prove that the acts alleged here were reasonable. The prosecutor must prove beyond a reasonable doubt that the force used was not reasonable as discipline.

The trial court properly instructed the jury on the use of reasonable force. Although Fluegge complains that the court did not further explain what constitutes "reasonable force," a trial court is not required to specifically define terms that are generally familiar to lay persons and susceptible of ordinary comprehension. *People v Martin*, 271 Mich App 280, 352; 721 NW2d 815 (2006). The terms "reasonable" and "force" are generally familiar to lay persons and a jury is fully capable of evaluating what constitutes reasonable force in the context of disciplining a child. Consequently, the trial court did not need to further define the terms and Fluegge's trial lawyer cannot be faulted for requesting further instruction. *Wilson*, 252 Mich App at 393-394.

## C. DISCLOSURE OF EVIDENCE

Fluegge next argues that this Court should remand this case to the trial court to determine if the prosecutor provided all exculpatory evidence to the defense, as is required under *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963). "In general, when a discovery request is made disclosure should not occur when the record reflects that the party seeking disclosure is on a fishing expedition to see what may turn up." *People v Stanaway*, 446 Mich 643, 680; 521 NW2d 557 (1994) (quotation omitted). Fluegge has not identified any specific document or item that was not disclosed, and she does not provide any basis for believing that any exculpatory evidence was withheld by the prosecution. She intimates that the prosecution failed to search for and discover potentially useful evidence in the first place, but it is well-established that neither police officers nor the prosecutor have a duty to search for and discover evidence beneficial to the defense. *People v Burwick*, 450 Mich 281, 289 n 10; 537 NW2d 813 (1995). Fluegge has not shown that she is entitled to relief with respect to this issue.

## VI. DEFENDANT'S STANDARD 4 BRIEF

We shall next address the issues that Fluegge has raised in her brief submitted on her own behalf.

## A. AMENDMENT OF THE INFORMATION

Fluegge argues that the trial court erred when it allowed the prosecution to amend the information to include additional allegations. "A trial court's decision to grant or deny a motion to amend an information is reviewed for an abuse of discretion." *People v McGee*, 258 Mich App 683, 686-687; 672 NW2d 191 (2003). The information may be amended at any time before, during, or after a trial, unless the amendment would "unfairly surprise or prejudice the defendant." MCR 6.112(H). In determining whether an amendment would be unacceptable, a court must consider whether the amendment would cause unfair surprise, provide inadequate notice, or result in an insufficient opportunity to defend. *People v Hunt*, 442 Mich 359, 364; 501 NW2d 151 (1993).

The information was amended to add allegations concerning the context leading to and following the conduct at issue; these included allegations of Fluegge's actions to restrain NC "by

sitting against him" before she threw or pushed him against the wall, and her "failure to remain with the child after inflicting the harm." Fluegge correctly observes that neither of these alleged acts, standing alone, were the action that caused the physical injury to NC. However, they were part of the entire incident in which NC was harmed. Nothing in the added language amounted to unfair surprise, inadequate notice, or deprived her of an opportunity to defend. Fluegge suffered no prejudice from the amendment. Consequently, we cannot conclude that the trial court abused its discretion when it allowed the amendment.

## B. PROSECUTORIAL ERROR

Fluegge next argues that the prosecutor erred by permitting witnesses to present inconsistent testimony. A defendant's right to due process "is violated when there is any reasonable likelihood that a conviction was obtained by the knowing use of perjured testimony." *People v Gratsch*, 299 Mich App 604, 619; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013). Thus, a prosecutor has "an obligation to correct perjured testimony that relates to the facts of the case or a witness's credibility." *Id*.

The alleged inconsistencies in testimony concerning the extent and location of the bruise on NC's head do not by themselves establish that the prosecutor knowingly presented or used perjured testimony. See *People v Parker*, 230 Mich App 677, 690; 584 NW2d 753 (1998). Simply because the testimony of one witness differs, even significantly, from the testimony of other witnesses does not mean that the witness committed perjury. Moreover, there is no indication that the prosecutor sought to conceal any inconsistencies. *Id*. Fluegge's argument does not involve an issue of perjury, but of credibility, which was a matter for the jury. *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). There was no plain error.

## C. PRIOR TESTIMONY

Fluegge next argues that the trial court erroneously permitted the prosecutor to introduce her testimony from her prior termination hearing. Fluegge objected to the introduction of this evidence at trial only on the ground of unfair surprise, but now argues that the evidence violated her Fifth Amendment right to remain silent, and that the evidence was unfairly prejudicial under MRE 403. "An objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground." *People v Asevedo*, 217 Mich App 393, 398; 551 NW2d 478 (1996). Therefore, we review the issue for plain error. *Carines*, 460 Mich at 763.

Fluegge fails to cite any authority supporting her position that a defendant's exercise of her right not to testify at a criminal trial forecloses the admission of the defendant's prior statements. "An appellant may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for [her] claims, nor may [she] give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Regardless, Fluegge has not demonstrated any plain error. Despite her ability to plead the Fifth Amendment at the prior termination hearing, see, e.g., *In re Stricklin*, 148 Mich App 659, 664; 384 NW2d 833 (1986), Fluegge elected not to do so, thereby waiving any Fifth Amendment privilege with respect to her prior testimony. Although she retained her Fifth Amendment privilege not to testify at her criminal trial, that privilege did not apply to her statements from the prior termination hearing, which were admissible under MRE 801(d)(2).

We also reject Fluegge's argument that the prior statements should have been excluded under MRE 403. The evidence was relevant to show that she did not act by accident in the charged incident, and to show that she had a pattern of using unreasonable force against NC when she became frustrated while attempting to control him. Further, her prior admissions that she attempted to have her daughter sit on NC's legs while he was misbehaving, and that the caseworker had come into the room to tell her not to restrain NC in the manner she was using, corroborated portions of the other witnesses' testimony. There was nothing about this evidence that was unfairly prejudicial.

Accordingly, the admission of the challenged evidence did not constitute plain error.

## D. PROSECUTORIAL ERROR

Fluegge argues the prosecutor also erred during closing argument. Our review of this unpreserved issue is for plain error. *Carines*, 460 Mich at 763.

Fluegge complains that the prosecutor commented on the other acts evidence and her prior testimony during closing argument. Because this evidence was properly admitted at trial, and a prosecutor is free to comment on the evidence and all reasonable inferences arising from the evidence as it relates to the prosecution's theory of the case. *People v Bahoda*, 448 Mich 261, 283; 531 NW2d 659 (1995).

It also was not improper for the prosecutor to tell the jury during closing argument that she did not have to show that Fluegge specifically intended to harm NC. As discussed earlier, it is enough that Fluegge intentionally committed an act that under the circumstances posed an unreasonable risk of harm or injury to a child, and that the act resulted in physical harm to a child. MCL 750.136b(5)(b). In addition, it was not improper for the prosecutor to tell the jury that the physical injury need not be severe. The prosecutor was only required to show that NC suffered "any injury to [his] physical condition." MCL 750.136b(1)(e). Accordingly, there was no plain error.

## E. FAILURE TO INSTRUCT

Finally, Fluegge argues that the trial court erred by failing to instruct the jury on specific intent. Because she did not request a specific intent instruction, Fluegge must show a plain error affecting her substantial rights. *Carines*, 460 Mich at 763. The trial court properly instructed the jury that it must find that Fluegge either knowingly or intentionally caused harm to NC, or knowingly or intentionally committed an act that posed an unreasonable risk of harm to him. Given these instructions, the failure to instruct on specific intent was not plain error. *Maynor*, 470 Mich at 295-297.

There were no errors warranting relief.

Affirmed.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Kelly

-9-