# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

VICKERY JEROME MCCRAY,

        Defendant-Appellant.

UNPUBLISHED
July 26, 2016

No. 325362
Ingham Circuit Court
LC No. 13-001154-FC

Before: STEPHENS, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(f), and unlawful imprisonment, MCL 750.349b.[1] The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 300 to 600 months for the CSC I conviction and 114 to 300 months for the unlawful imprisonment conviction. While both the complainant and the defendant agreed that there was sexual conduct on October 25, 2013, their testimony diverged as to whether it was the product of consent or force and as to the exact nature of the sexual contact. Defendant appeals as of right. We affirm.

## I. INEFFECTIVE ASSISTANCE

Defendant argues that reversal is required because defense counsel was ineffective in several respects. Defendant did not raise an ineffective assistance of counsel claim in the trial court, and this Court denied his motion to remand. We have determined that the record contains sufficient detail to fully evaluate defendant's ineffective assistance of counsel claim, and therefore confine our review to the existing record. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012); *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002). To establish ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014) (citation and quotation marks omitted).

---

[1] Defendant was acquitted of an additional charge of assault by strangulation, MCL 750.84(1)(b).

-1-

## A. FAILURE TO INVESTIGATE

Defendant argues that defense counsel was ineffective for failing to meet with him before trial, failing to prepare defendant for trial, and by failing to learn through adequate trial preparation of defendant's intent to testify that he did not sexually penetrate the victim on the night of the charged offense. "Failure to make a reasonable investigation can constitute ineffective assistance of counsel." *People v McGhee*, 268 Mich App 600, 626; 709 NW2d 595 (2005). Defense counsel's duty is to prepare, investigate, and present all substantial defenses. *In re Ayres*, 239 Mich App 8, 22; 608 NW2d 132 (1999). Defense counsel has a duty to make reasonable investigations or to make a reasonable decision that renders particular investigations unnecessary. *People v Grant*, 470 Mich 477, 485; 684 NW2d 686 (2004). However, "[w]hen making a claim of defense counsel's unpreparedness, a defendant is required to show prejudice resulting from this alleged lack of preparation." *People v Caballero*, 184 Mich App 636, 640; 459 NW2d 80 (1990). To fulfill this burden, a defendant must prove "that the failure resulted in counsel's ignorance of valuable evidence which would have substantially benefited the accused." *Id*. at 642.

The record reflects that at least one meeting occurred. Assuming without deciding that counsel performed ineffectively by failing to undertake additional meetings, the record does not support defendant's claim of prejudice. Contrary to the averments in his affidavit, defendant testified at trial that he and the victim engaged in consensual sexual relations. Indeed, defendant claimed that the victim's screams were typical of her behavior during consensual sex. Given this evidence, we discern no reasonable probability that additional meetings would have yielded information that, if known to counsel, likely would have benefitted the defense and altered the trial's outcome.

## B. EVIDENTIARY ERRORS

Defendant raises several claims concerning counsel's failure to call or cross-examine witnesses, and failure to introduce evidence. "[D]ecisions regarding what evidence to present and which witnesses to call are presumed to be matters of trial strategy, and we will not second-guess strategic decisions with the benefit of hindsight." *People v Dunigan*, 299 Mich App 579, 589-590; 831 NW2d 243 (2013). "[T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004).

Defendant argues that counsel was ineffective for failing to procure an expert witness to testify that defendant could not have achieved an erection while he was using crack cocaine. However, "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Defendant has not presented any evidence that he was not able to achieve an erection as a side effect of crack cocaine use, or that an expert existed who would posit this theory to the jury.

Defendant has also failed to show that counsel was ineffective for failing to call a witness who knew both defendant and the victim. Counsel was aware of the witness because he discussed her possible testimony before jury selection. Defendant has not overcome the presumption that counsel's failure to call the witness was sound trial strategy. Further, assuming

that the witness would have testified consistently with the statements in her affidavit, defendant has not shown that he was prejudiced by the witness's absence. Although the witness's proposed testimony would have supported defendant's contention that the victim had a habit of trading sexual favors for drugs, the victim admitted that she and defendant had previously used cocaine together and had previously engaged in sex. In addition, the witness's proposed testimony presents an unflattering image of defendant as someone regularly involved with drugs and prostitution, and also portrays the witness as a vulnerable person with a history of prostitution and drug use, and as someone who would have a motive to lie on defendant's behalf. Defendant has not shown that the failure to call the witness deprived him of a substantial defense.

Defendant also argues, in both his appellate brief and in a Standard 4 brief filed pursuant to Supreme Court Administrative Order No. 2004-6, that counsel was ineffective for failing to object to the victim's hearsay statements contained in a report prepared by a sexual assault nurse examiner (SANE) who examined the victim after the assault. Contrary to what defendant argues, the victim's statements were admissible under the hearsay exception for statements made for purposes of medical diagnosis or treatment. MRE 803(4); *People v Garland*, 286 Mich App 1, 8-9; 777 NW2d 732 (2009). This includes the victim's specific statement that defendant had penetrated her vagina with his penis. In addition to its relevance in determining whether the victim sustained a physical injury, this information was reasonably necessary in evaluating the risk of HIV infection. To the extent that some of the history was not reasonably necessary for diagnosis or treatment (e.g., that defendant played some pornographic movies) defendant has not overcome the presumption that counsel reasonably declined to object because the statements involved matters that were not disputed or were not prejudicial. Moreover, counsel appears to have strategically used the victim's statements in the report to establish inconsistencies between the statements and the victim's other statements, including whether the victim admitted to past sexual relations with defendant or to past cocaine use, to cast doubt on the victim's credibility.

Defendant also argues that the nurse improperly testified that the penetration was not consensual. Defendant correctly observes that an expert witness cannot offer an opinion whether a defendant is guilty of the charged crime. See *People v Fomby*, 300 Mich App 46, 53; 831 NW2d 887 (2013). However, the nurse did not testify that she believed that defendant was guilty. Rather, she testified about information the victim had provided to her, and the results of her examination. This testimony was admissible. *People v McLaughlin*, 258 Mich App 635, 657-658; 672 NW2d 860 (2003). Accordingly, defendant has not shown that counsel was ineffective for not objecting to the SANE report.

There is no merit to defendant's argument that counsel was ineffective for failing to obtain DNA results or the victim's drug test results. Nothing in the record indicates that there were any test results to obtain. Moreover, defendant testified that he did not ejaculate, and defendant does not otherwise explain what DNA evidence existed. Defendant has not shown that counsel acted unreasonably.

Defendant complains that defense counsel did not effectively cross-examine the victim regarding various inconsistencies, such as whether she went into the bathroom during the alleged assault or whether her trial testimony was consistent with her preliminary examination testimony regarding whether she and defendant knocked a table down in the living room. However, counsel did cross-examine the victim and elicit other testimony regarding various

inconsistencies, such as whether she told police officers that she locked herself in the bathroom. Counsel also extensively questioned an officer about the state of the home upon his arrival. Defendant has not demonstrated that counsel's strategic decisions were unreasonable.

Defendant also complains that defense counsel was ineffective for failing to present evidence that he had a back injury, which would have prevented him from participating in a physical struggle. However, defendant has not presented factual support for his claims that he was receiving Social Security disability benefits since 1995, or that he was involved in a car accident in 2012 and suffered back and spinal injuries. Thus, defendant has not established the factual predicate for his claim. *Hoag*, 460 Mich at 6.

Defendant also argues that counsel was ineffective for failing to introduce the victim's clothing as evidence. However, there is no indication in the record that the victim's clothing was preserved in the condition it was in on the night of the offense. Further, counsel elicited from a responding police officer that he did not see any damage to any of the victim's clothing items. Accordingly, defendant has not shown an unreasonable error by counsel.

## C. JURY INSTRUCTION

Defendant also argues that defense counsel was ineffective for failing to request a consent jury instruction, and for not pursuing a defense of "financially induced consent." However, the record discloses that the trial court provided a consent instruction, which encompassed the concept of "financially induced consent." Thus, there is no merit to this argument.

## II. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, none of which warrant relief. Except as otherwise indicated below, these additional issues were not raised at trial, leaving them unpreserved. *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). We review unpreserved issues for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*.

## A. INCONSISTENT VERDICTS

Defendant first argues that because he was acquitted of the charge of assault by strangulation, he could not properly be convicted of the first-degree CSC charge, which was based on the theory that he sexually penetrated the victim by force or coercion, causing personal injury. Although defendant frames this issue as a violation of his right to be free from double jeopardy, it substantively involves the question of allegedly inconsistent verdicts.

We note, preliminarily, that the law is clear that "[j]uries are not held to any rules of logic," *People v Vaughn*, 409 Mich 463, 466; 295 NW2d 354 (1980), and their verdicts "need not be rationally consistent in light of [their] power of leniency," *People v Torres*, 452 Mich 43, 75; 549 NW2d 540 (1996). "A jury in a criminal case may reach *different* conclusions

-4-

concerning an *identical* element of two different offenses." *People v Goss (After Remand)*, 446 Mich 587, 597; 521 NW2d 312 (1994). Regardless, defendant's conviction of first-degree CSC, and acquittal of assault by strangulation, is not inherently inconsistent. Contrary to what defendant argues, the "force" element of the CSC I charge was not based solely on the alleged act of strangulation. The record contains ample testimony of other forceful acts by defendant to commit first-degree CSC. The victim testified that defendant removed her pants and spread her legs while she resisted. The 911 call contains several statements by the victim in which she repeatedly tells defendant to get off of her. Evidence also indicated that the victim's right breast was bruised during the assault and that she suffered abrasions to both legs. In sum, it was not necessary for the jury to find that defendant committed an assault by strangulation in order to find that the physical force element of the CSC I charge was satisfied. Rather, the evidence permitted the jury to find, consistently, that defendant engaged in other forceful acts to sexually penetrate the victim, even if he did not commit an assault by strangulation. Accordingly, there is no merit to this issue. In addition, because defense counsel is not required to raise a meritless issue, *People v Wilson,* 252 Mich App 390, 393-394; 652 NW2d 488 (2002), counsel was not ineffective for failing to challenge the first-degree CSC verdict after defendant's acquittal on the assault charge.

## B. ADMISSION OF 911 CALL AND TRANSCRIPT

Defendant next argues that it was improper to introduce the recorded 911 call that was placed from the victim's phone, because the statements in the recording were inadmissible hearsay. He also argues that it was improper to introduce a transcript of the recorded call to assist the jury in better understanding the contents of the call. We find no plain error in the introduction of this evidence.

The recording captured the victim's statements during the sexual assault. Those statements were admissible under both the present sense exception, MRE 803(1), and the excited utterance exception, MRE 803(2), to the hearsay rule. Although defendant argues that the present sense exception contains a requirement that additional evidence be presented that the event was actually occurring, see *People v Hendrickson*, 459 Mich 229, 238; 586 NW2d 906 (1998), the excited utterance exception requires no such showing, *People v Barrett*, 480 Mich 125, 134; 747 NW2d 797 (2008). Regardless, there was additional evidence, through the statements on the 911 call, as well as the responding police officers' testimony, that a "startling" event was occurring. There was no plain error in the admission of this evidence.

Further, because the evidence was properly admitted, it was not improper for the prosecutor to discuss this evidence during closing argument. A prosecutor is free to comment on the evidence and all reasonable inferences arising from the evidence as it relates to the prosecution's theory of the case. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). Similarly, because defendant has not shown that the evidence was inadmissible, he cannot show that defense counsel was ineffective for failing to object to its admission. *Wilson,* 252 Mich App at 393-394.

We also reject defendant's claim that the transcript of the 911 call was improperly admitted. Despite an initial objection, defense counsel later informed the trial court that he had spoken with the individual who created the transcript and was satisfied that a foundation existed

to admit the transcript. Therefore, he withdrew his objection. By knowingly and intentionally relinquishing his earlier objection and agreeing to the admission of the transcript, counsel waived any error in its admission, leaving no error to review. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). With respect to defendant's related ineffective assistance of counsel claim, counsel's affirmative effort to determine whether the 911 call was accurately transcribed satisfies objective standards of reasonableness, and counsel's decision to allow the transcript to be used to enable the jurors to better understand what they were hearing was a matter of trial strategy, which we will not second-guess. *Dunigan*, 299 Mich App at 589-590. Counsel was satisfied that incomprehensible portions of the tape were properly redacted from the transcript and clearly indicated that his agreement was with the tape's foundation and not the substance recorded. Defendant has further not demonstrated any inaccuracy in the transcript and, therefore, has not established that he was prejudiced by its introduction. *Trakhtenberg*, 493 Mich at 51.

## C. JUDICIAL BIAS

Defendant next argues that reversal is required because the trial court was biased against him. A criminal defendant is entitled to a neutral and detached magistrate; however, a defendant claiming judicial bias must overcome a heavy presumption of judicial impartiality. *People v Jackson*, 292 Mich App 583, 597-598; 808 NW2d 541 (2011). The fact that the trial court has formed an opinion, is critical or hostile to defendant or counsel, or makes rulings favoring the prosecution, does not demonstrate bias "unless there is a deep-seated favoritism or antagonism such that the exercise of fair judgment is impossible." *Id*. at 597 (quotation omitted). A defendant may also be denied a fair trial if a trial court pierces the veil of judicial impartiality. *People v Stevens*, 498 Mich 162, 164; 869 NW2d 233 (2015). Conduct pierces this veil when, considering the totality of the circumstances, it is reasonably likely that the "conduct improperly influenced the jury by creating the appearance of advocacy or partiality against a party." *Id*.

Defendant relies on the fact that the trial court revoked his bond in the middle of trial to support his claim of judicial bias. The record does not disclose the reasons or circumstances that led to the revocation of defendant's bond. Given that there was no objection to the revocation of defendant's bond, and that bond properly may be revoked in certain circumstances, MCR 6.106(B)(1)(a), we are left with no record from which to conclude that the revocation of defendant's bond was plain error, and accordingly, no basis for concluding that this matter supports defendant's claim of judicial bias.

Defendant also complains that the trial court's use of the phrase "regular body injury" in the jury instruction explaining the injury necessary to support a first-degree CSC conviction is evidence of the court's bias or partiality. We disagree. The CSC statute, MCL 750.520a(n), provides that " '[p]ersonal injury' means bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease, or loss or impairment of a sexual or reproductive organ." Because a "regular bodily injury" qualifies as a "bodily injury," the trial court's statement that a "regular bodily injury" is sufficient to meet the personal injury element was not erroneous. Thus, defendant has not shown that the trial court's use of the term "regular bodily injury" demonstrates any bias or partiality against him.

Defendant also advances a claim of ineffective assistance of counsel, which is based on his assertions that counsel berated him in his holding cell, provided him with ill-fitting clothing,

or otherwise treated him improperly. Defendant has not presented any factual support for these assertions. Moreover, he fails to explain how this alleged conduct prejudiced his right to a fair trial. Therefore, he has not demonstrated that he is entitled to relief due to ineffective assistance of counsel. *Trakhtenberg*, 493 Mich at 51.

## D. PROSECUTOR'S CONDUCT

Defendant raises several claims concerning the prosecutor's conduct, none of which are preserved. The "test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Unpreserved claims of misconduct are reviewed for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

Defendant complains that the prosecutor objected when defense counsel questioned the victim about what defendant had done in the past to "seduce" her. However, the trial court overruled the prosecutor's objection. Regardless of whether the prosecutor's objection could be considered improper, because defense counsel was allowed to pursue this line of questioning, defendant cannot show that the objection affected his substantial rights.

Defendant also argues that the prosecutor committed misconduct when he cross-examined defendant about how long he had known the victim and, more specifically, whether he knew her when she was in high school. A prosecutor's good-faith effort to admit evidence does not constitute misconduct. *People v Ackerman*, 257 Mich App 434, 448; 669 NW2d 818 (2003). This line of questioning was probative of the nature of the relationship between defendant and the victim. Testimony concerning defendant's relationship with the victim, and their respective age differences, was arguably relevant to the issue of coercion, an element of the first-degree CSC charge. MRE 401. Accordingly, this line of questioning was not plain error.

Defendant also argues that the prosecutor committed misconduct during closing argument by discussing defendant's defense of consent, and arguing that defendant's version of the events was not supported by other evidence. We disagree. The prosecutor is permitted to argue the evidence and all reasonable inferences arising from it, and is free to argue that a witness should not be believed. *Dobek*, 274 Mich App at 66; *People v Callon*, 256 Mich App 312, 330; 662 NW2d 501 (2003). Further, the prosecutor did not improperly shift the burden of proof by arguing that the evidence did not support a defense of consent. Indeed, the prosecutor told the jury that it was the duty of the prosecution to prove the elements of the offense, and that the jury was required to acquit defendant if he raised a reasonable doubt about whether the sex was not consensual. The prosecutor also made it clear that defendant did not have to offer any evidence in support of his innocence. Accordingly, there was no plain error.

Defendant's concurrent claim of instructional error is also without merit. Contrary to defendant's assertion, the trial court repeatedly told the jury that it was the prosecutor's responsibility to prove each element of the charged offenses beyond a reasonable doubt. The instructions sufficiently protected defendant's rights. *People v Bartlett*, 231 Mich App 139, 143; 585 NW2d 341 (1998).

Because defendant has not shown any error in the prosecutor's statements or the trial court's jury instructions, his related claim that defense counsel was ineffective for failing to object to these matters cannot succeed. *Wilson,* 252 Mich App at 393-394.

### E. SUPPRESSION OF EVIDENCE

We also find no merit to defendant's argument that the police suppressed evidence. There is no indication in the record that evidence actually existed concerning the victim's blood alcohol level or whether she had taken other controlled substances. Absent a showing that any such evidence existed and was not disclosed, defendant cannot establish a plain error. To the extent defendant complains that the police failed to investigate this information, his claim of error also cannot succeed because "the police have no constitutional duty to assist a defendant in developing potentially exculpatory evidence." *People v Anstey*, 476 Mich 436, 461; 719 NW2d 579 (2006).

Next, contrary to what defendant assets, his police statements in which he protested his innocence were not "suppressed." Rather, the trial court precluded admission of the statements because they were inadmissible hearsay. The trial court's decision is supported by MRE 801(c) and MRE 802. Accordingly, there was no plain error.

The record also fails to support defendant's claim that police officers committed perjury when they testified that they did not find crack cocaine or liquor bottles at defendant's home. Defendant bases this claim on the fact that the officers' testimony contradicted the victim's testimony concerning the amount of alcohol that she and defendant drank. However, any inconsistencies do not establish that the officers deliberately provided perjured testimony. See *People v Parker*, 230 Mich App 677, 690; 584 NW2d 753 (1998). Defendant's argument does not involve an issue of perjury, but of credibility, which was a matter for the jury to resolve. *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). Moreover, the officers' testimony was not directly contradictory to the victim's testimony. The victim stated that defendant possessed crack cocaine and had used some, but she did not testify that any remained in the home by the time the police arrived. The victim also stated that the alcohol bottles may have "been hiding underneath something." Officer Hough did not recall whether he saw any evidence of cocaine use. Officer Lomakowski testified that he did not think any cocaine was found in the home and did not remember seeing any alcohol bottles. Officer Traviglia was not questioned about whether any cocaine was found in the home. Defendant has not demonstrated a plain error.

Because defendant has not shown that any of these substantive claims have merit, he has likewise failed to demonstrate that defense counsel was ineffective for failing to object to, or otherwise raise, these issues. *Wilson,* 252 Mich App at 393-394.

### F. SENTENCING ERRORS

We find no merit to defendant's argument that he was denied due process because the trial court imposed greater sentences than recommended in his presentence investigation report (PSIR). Although the PSIR was required to include a recommended disposition, MCR 6.425(A)(1)(k), the trial court had the ultimate responsibility for determining defendant's

sentences, MCR 6.425(E)(1)(d). The trial court complied with the sentencing procedure in MCR 6.425(E), including affording defendant an opportunity to address the information contained in the PSIR, and an opportunity to advise the court of any circumstances defendant believed the court should consider in imposing sentence. Defendant was afforded due process.

Further, contrary to what defendant asserts, the trial court did not sentence him above the sentencing guidelines recommended sentence range. By defendant's own admission, defendant's guidelines range for the first-degree CSC conviction was 108 to 360 months. The trial court's minimum sentence of 300 months is within that range.

Although defendant complains that there were factual inaccuracies in the PSIR, defense counsel stated at sentencing that defendant had no corrections to the information in the PSIR. Counsel's affirmative waiver extinguished any claim regarding the factual accuracy of the PSIR. *Carter*, 462 Mich at 215; *Carines*, 460 Mich at 763 n 7. In addition, there is no basis for concluding that any factual errors in the PSIR affected the length of defendant's sentences. Defendant was sentenced as a fourth-offense habitual offender. His first-degree CSC conviction qualifies as a "serious crime" under MCL 769.12(1)(a) and (6)(c), and he had prior felony convictions for possession of cocaine, MCL 333.7403, and delivery or manufacture of cocaine, MCL 333.7401, which both qualify as a "listed prior felony" under MCL 769.12(1)(a) and (6)(a)(*ii*). Therefore, as the parties acknowledged at sentencing, defendant was subject to a statutory minimum sentence of 25 years. MCL 769.12(1)(a). Despite the prosecutor's urging to sentence defendant at the high end of the guidelines range (i.e., 30 years), the trial court elected to impose the statutory minimum sentence of 25 years. Thus, even if defense counsel performed deficiently by not challenging certain information in the PSIR, defendant was not prejudiced by counsel's failure to object. Accordingly, defendant is not entitled to resentencing.

## G. FAIR CROSS-SECTION

Defendant lastly argues that he is entitled to a new trial because African-Americans were systematically excluded from his jury pool, and were also improperly excluded from the jury chosen to hear his case. The record does not support these arguments, none of which were raised at trial. Specifically, the record does not disclose, and defendant fails to provide, any information concerning the race of the jurors chosen or excluded at his trial, or any data showing the proportion of African-Americans within the community or in jury venires in general. Without such information, defendant cannot establish a violation of the fair cross-section requirement. *People v Bryant*, 491 Mich 575, 596-597; 822 NW2d 124 (2012).

In addition, because the record discloses that defense counsel actively participated in jury selection, exercised challenges for cause and preemptory challenges, did not object to any alleged improper exclusion of African-Americans from the jury, and affirmatively approved the

composition of the jury selected and seated for trial, defendant has waived this issue for appeal. *Carter*, 462 Mich at 215; *Carines*, 460 Mich at 762 n 7.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher